## THE PEOPLE *ex rel.* HART *v.* JOHNSON.

WHERE the law creating the county of Fresno provided that the County Judge to be elected " shall receive for his services such sum annually as shall be determined by the Board of Supervisors, not to exceed $3,000, to be paid," etc. : *Held*, that the Legislature did not by this clause fix the salary of the Judge ; and that *mandamus* for $500—the difference between the $3,000 and $2,500, fixed by the Board some six weeks after relator's election, as the annual compensation of the Judge—does not lie.

APPEAL from the Thirteenth District.

Mandamus.    The facts appear in the opinion.    The Court below denied the writ.    Relator appeals.

*E. C. Winchell,* for Appellant, argued as is stated in the opinion of this Court.

*P. L. Edwards,* for Respondent.

The Act organizing Fresno county does not in fact fix the salary of the Judge at all, and this ends the case.

BALDWIN, J. delivered the opinion of the Court—FIELD, C. J. concurring.

Mandamus to compel the Auditor of Fresno county to issue a warrant in favor of relator, for a sum of money claimed by him as his salary as Judge of that county.

The facts on which the main question in this case depends are these : The county of Fresno was organized in 1856 ; and by the

act creating that county, (Session Acts, 183) it was provided that a County Judge and other local officers should be elected. At the election provided for by the act, the relator was chosen County Judge. The act (14th section, 185) provides that the County Judge shall receive for his services such sum annually as shall be determined by the Board of Supervisors, not to exceed $3,000, to be paid," etc. It seems that the Board did not fix the compensation of this officer until some six weeks after the election, when it was fixed at $2,500. The relator claims that he was entitled to the $3,000 named in the act; and brings this suit to recover the balance due him over the $2,500 received by him. He bases his pretension upon this argument: that the Legislature could not constitutionally devolve upon the Board of Supervisors this function of fixing the compensation; that the act is valid so far as it assigns the compensation of $3,000 to the Judge, but is void as to the provision that the Supervisors may fix it within that sum. The constitutional provision referred to is in these words : " The Justices of the Supreme Court, Judges of the District Court and County Judges shall severally, at stated times, receive a compensation which shall not be increased or diminished during the time for which they shall have been elected." (Art. 15, sec. 6.)

And again : (section 7, article 6) " The Legislature shall provide for the election by the people, of a Clerk of the Supreme Court, County Clerks, and other necessary officers, and shall fix by law their duties and compensation."

The argument is, that this duty of fixing the compensation of these officers rests with the Legislature ; that the phrase " this compensation shall be fixed by law," means *by law* passed by the Legislature, the law-making power of the State ; that not only is this the natural meaning of the term, but the contrary doctrine might lead to dangerous, as it would lead to absurd results, for if the Legislature could authorize these local Boards to fix the compensation, so by the same construction could they allow them to fix the duties of these various officers, and the result might be that these officers might be as different in character and obligation as in compensation. And that if this duty of fixing compensation could thus be transferred to these Boards, a very great portion of the

Hart *v.* Johnson.

legislative power of the State could also be transferred, for this would necessarily be involved in this comprehensive authority to regulate all the duties, compensation, etc., of all these officers, within the sphere of whose conduct might be embraced all or most of the leading interests of the State.

But a concession of the correctness of this principle does not carry the conclusion insisted on. It might show that the relator could not be limited in his compensation by the resolution of the Board of Supervisors ; but it does not show that the Legislature gave him a right to the $3,000 he claims. The Legislature had an undoubted right to fix this compensation, and the compensation so fixed was unalterable by it during the continuance of the term of the incumbent. But, while the Legislature should have fixed the salary, it does not seem to have done so. However meritorious the claim of the relator, it must rest on positive law for its sanction. The Legislature did not fix the compensation. The provision that the compensation should be fixed by the Board within a given maximum did not indicate that the Legislature meant to fix it at that maximum ; indeed, it is shown by the language employed that the Legislature did not design to fix it at all. We have no power to remedy these omissions.

Whether the relator might not be entitled to relief at the hands of the Legislature is another question ; but confining ourselves to the office of interpreting the laws, we are only left the duty of deciding that, as the case now stands, the claim of the relator cannot be maintained.

Judgment affirmed.