THE STATE, EX REL. BARNETT, v. THE CITY OF NOBLESVILLE ET AL.

[No. 19,293.   Filed May 15, 1901.]

MUNICIPAL CORPORATIONS. — Officers. — Salaries. — City Marshal. — Mandamus.—Under the provision of §3462 et seq. Burns 1894, the salary to be allowed a city marshal rests entirely in the discretion of the common council of the city, and when the council fixes such salary they cannot be compelled by writ of mandate to change or increase it.

From the Hamilton Circuit Court.   Affirmed.

A. F. Shirts, George Shirts and W. R. Fertig, for appellant.

I. W. Christian, W. S. Christian and E. E. Cloe, for appellees.

DOWLING, C. J.—Application by the relator for a writ of mandate to compel the city of Noblesville by its common council to fix a reasonable salary for the office of marshal of that city.   Demurrers to the complaint, and to the alternative writ were sustained by the court, and these rulings are assigned for error.

The relator was a citizen and taxpayer of the city of Noblesville, in this State, and, in May, 1898, he was duly elected marshal of that city for the term of four years, beginning in September, 1898; he qualified and entered upon

his duties, and continued to perform them until prevented by the action of the common council of said city; on June 12, 1899, the common council fixed the salary of the marshal at $10 per annum. It is alleged that the sum was grossly inadequate, and that the object of the common council was to abolish the office of marshal.

Did these facts entitle the relator to the writ? The city of Noblesville was incorporated under the general law for the incorporation of cities in this State. Acts 1867, p. 33, §3462 *et seq.* Burns 1894. The act provides for the election of a city marshal, fixes his term of office, and prescribes his powers and duties. It also requires that the common council shall, within one month after the annual election in each year, fix the salaries of all city officers, and provide by ordinance for the payment of the same. By an act of April 9, 1881 (Acts 1881, p. 109), amending the act of 1867, city marshals were given, in addition to the powers they already possessed, the jurisdiction and powers of constables, and were declared to be entitled to the same fees.

The salary to be allowed the marshal rested entirely in the discretion of the common council, and that body having fixed its amount, they could not be compelled by writ of mandate to change or increase it. The duties of the office may have been light and unimportant, and the fees allowed by the statute may have been considered a sufficient compensation. But, with the motives of the council in fixing the amount of the salary, the court has nothing to do. In all such cases, it has been held that *mandamus* does not lie. *People* v. *Johnson,* 17 Cal. 306; High. on Ex. Leg. Rem. (3rd ed.), §§325, 345; *People* v. *French,* 24 Hun 263; Moses on Mandamus, 54; 1 Dillon on Munic. Corp. §170, p. 288; *Lilly* v. *City of Indianapolis,* 149 Ind. 648; *City of Brazil* v. *McBride,* 69 Ind. 244.

The case presented falls within the rule that where municipal officers are by law intrusted with jurisdiction over certain matters, the decision of which rests in their sound

discretion, and requires the exercise of their judgment, *mandamus* will not lie to control, or in any manner interfere with their decision. We find no error. Judgment affirmed.