## THE CITY OF TERRE HAUTE v. LAKE.

CITY.—*Contract, How Made or Annulled.—Common Council.*—The common council of a city can only contract by an order, resolution, or ordinance,

The City of Terre Haute *v.* Lake.

passed in the manner required by statute; and when thus made, it can be repealed or annulled only by a vote of the council.

SAME.—*Pleading.*—A complaint upon a cause of action based upon the making and annulling of a contract by a city must contain a copy of the orders of the common council in making and annulling the contract.

From the Vigo Circuit Court.

*W. W. Rumsey*, for appellant.

*W. E. McLean, A. J. Kelly*, and *G. W. Kleiser*, for appellee.

BUSKIRK, J.—The sufficiency of the complaint is the only question presented by the record for our decision.

Omitting the formal parts, the complaint is as follows:

"The plaintiff complains of the defendant and says that on or about the 4th day of June, 1872, the plaintiff presented a petition to the common council of the city of Terre Haute, praying that the contract for the removal of dead animals from said city be awarded to plaintiff; that the said council, at its regular session held on the —— day of June, 1872, granted said petition, awarding said contract to plaintiff for the term of five years; plaintiff to remove said dead animals free of charge to said defendant, within twelve hours after receiving notice of the same; plaintiff to leave books in different parts of the city, that orders might be left for the removal of said dead animals; a copy of said petition is filed herewith and made a part hereof; that plaintiff was to enter upon the performance of said contract on the 10th day of June, 1872, but by the special request of the defendant did not commence the said performance until the 1st day of July, 1872; that plaintiff was put to great expense in making preparations for the performance of said contract; that he entered upon and commenced the performance of said contract on the 1st day of July, 1872, and did and performed his part of the contract according to the terms thereof, and was and has been ready and willing to continue the performance and fulfilment of the same; that on the —— day of July, 1872, the defendant wrongfully and without cause revoked the order granting said petition and thereby hindered, prevented, and

discharged the plaintiff from continuing the performance of said contract, whereby plaintiff has been deprived of great gains and profits, which he might otherwise, and would have derived from the continuance of the work under the said contract; wherefore plaintiff says he has been damaged to the amount of five thousand dollars, and asks judgment for five thousand dollars and other proper relief.

A copy of the petition was filed with the complaint, but no useful purpose would be accomplished by setting it out.

A demurrer was overruled to the complaint, and the appellant excepted.

There was issue, trial by jury, and a finding for the appellee in the sum of fifty dollars. A motion for a new trial was overruled, and judgment was rendered on the verdict.

The error assigned is the overruling of the demurrer to the complaint.

Several objections are urged to the complaint. The first and most important objection is, that the action is based upon the orders of the common council, granting to the appellee the contract to remove the dead animals named in the complaint, and the one revoking and annulling such contract, and that such orders or a copy thereof should have been filed with and made a part of the complaint.

The appellee, by his action, sought to recover from the appellant damages, which he alleged he had sustained by the wrongful act of the common council in repealing a previous order and annulling a contract. The common council can only contract by an order, resolution, or ordinance passed in the manner required by the statute; and where a contract has thus been made, it must be repealed or annulled by a vote of the common council. It is very manifest to us that the cause of action was based upon such orders ; and it is a well settled rule of pleading, that where a contract must be in writing, the party setting up such contract must file with the complaint the original or a copy of such contract. The case of *Lytle* v. *Lytle*, 37 Ind. 281, is in express terms limited in its application to actions founded upon judgments, and

should not be extended by implication to other actions.   If these orders had been filed with, and made a part of, the complaint, the court below and this court could have determined whether there had been a contract and wrongful violation thereof.   We think the complaint was bad, because copies of such orders were not filed with and made a part thereof.

Other questions are argued by counsel, but it will be time enough to decide them when the complaint is so amended that the court below and this court can determine, first, whether there was a contract, and, second, whether there was a wrongful violation of such contract.

The judgment is reversed, with costs; and the cause is remanded to the court below, with directions to sustain the demurrer to the complaint, and for further proceedings in accordance with this opinion.