SHANNON *v.* O'BOYLE ET AL.

COUNTY COMMISSIONERS.—*Power to Sell Stock.*—County commissioners have power to sell shares of stock owned by the county in a railroad company.

From the Vermillion Circuit Court.

*J. P. Baird, C. Cruft, J. M. Allen* and *W. Mack,* for appellant.

*R. W. Thompson, I. N. Pierce, W. E. Hendrick* and *J. G. Williams,* for appellees.

BIDDLE, C. J. — The Board of Commissioners of Vigo county was the owner of certain stock in "The Evansville and Crawfordsville Railroad." Upon an offer made by Patrick Shannon to buy the stock, the board ordered that said stock be sold to said Shannon for the amount of his offer, directing in what manner he should make payment, and how the stock should be transferred. John H. O'Boyle, a citizen and tax-payer of Vigo county, filed his affidavit, brought himself within the statute, and appealed from the order of the board to the Vigo Circuit Court. The venue was changed to the Vermillion Circuit Court, wherein Shannon moved to dismiss the appeal. The motion was overruled, and exception taken. The cause was submitted to the court for trial, evidence heard, and a finding had, that the sale of the stock to Shannon was void and the order of sale null; judgment accordingly. Exception, and appeal to this court.

The finding and judgment of the court proceeded upon the ground that the board had no authority of law to make the sale, and this is the question which must decide the case. Had the board the power to sell the stock?

Municipal corporations possess the incidental or implied right to alienate or dispose of the real or personal property of the corporation, of a private nature, unless restrained by charter or statute. Dillon on Mun. Corp., sec. 445. So, when the mayor and council have, by the charter, power to make, in their corporate capacity, all such contracts as they may deem necessary for the welfare of the corporation, they

may contract to sell stock owned by the city in a private corporation, to enable the city to pay its debts; and the discretionary power with which the mayor and council are invested, when exercised in good faith, cannot be controlled by a court of equity at the instance of property owners and tax-payers.  Dillon on Mun. Corp., sec. 396; *Semmes* v. *The Mayor and Council of Columbus*, 19 Ga. 471.

In a late case, involving the sale of railroad stock by a board of commissioners, the power of the board to make the sale was not questioned.  *The Board, etc.*, v. *Reynolds*, 44 Ind. 509.

We think the court erred.

The judgment is reversed, with costs, and the cause remanded, for further proceedings.

Petition for a rehearing overruled.