## THE CITY OF BRAZIL v. McBRIDE.

CITIES.—*Presumption as to Incorporation under General Law.*—Where a city is a party to a suit, it will be presumed, nothing appearing to the contrary, that such city is incorporated under the general law of this State for the incorporation of cities.

SAME.—*Marshal Entitled to No Fees.*—The marshal of a city incorporated under the general law is not entitled to any fees in city or other cases ; and, where fees have been taxed and collected in his favor, he has no right to the money thus collected, and no indebtedness will accrue to him from the city on account of such fees, or on account of the collection and appropriation thereof by the police officers of such city, with its consent.

SAME.—*Official Duties of Marshal. — Salary.—Contract with City for Special Services Void.*—If it is any part of the duties of the marshal of a city to " board and furnish meals to the prisoners of the city," etc., and to " kill dogs and bury the carcasses of dead animals found within such city," it will be presumed that he is fully compensated therefor by his annual salary, as fixed by the common council. If, however, such things are outside of his official duties, and are performed by him " by order of the mayor and authorities" of the city, and upon a contract, express or implied, with such city, that he shall be compensated therefor, without regard or in addition to his salary, then such contract, under section 52 of the general law for the incorporation of cities, is void.

SAME.—*Action by Marshal for Salary.—Complaint must Set Out Ordinance Fixing Same.*—Under section 51 of the general law for the incorporation of cities, the salaries of all city officers must be fixed by ordinance by the common council ; and, in an action by a city marshal to recover a balance alleged to be due on salary, a copy of the ordinance fixing such salary must be filed with or set out in the complaint. He can not sue in *indebitatus assumpsit*, as upon an implied contract, as there is no such contract.

The City of Brazil v. McBride.

SAME.—*Power of Common Council over Salaries of City Officers.—Reduction of Marshal's Salary.*—Under the general law of this State, now in force, for the incorporation of cities, the common council of a city have full power over the salaries of city officers, with no restrictions or limitations on the exercise of such power, except such as are specifically mentioned in the statute. Therefore, such common council, in the exercise of their discretion, have the power to reduce the salary of the city marshal at any time during his period of service.

From the Clay Circuit Court.

*J. A. McNutt, N. U. Hill* and *J. C. Britton,* for appellant.
*G. A. Knight* and *C. H. Knight,* for appellee.

HOWK, C. J.—In this action, the appellee sued the appellant in a complaint of two paragraphs. To each of these paragraphs the appellant demurred, for the alleged insufficiency of the facts therein to constitute a cause of action, which demurrers were overruled by the court, and to these rulings the appellant accepted. The appellant then moved the court in writing to strike out certain parts of the first paragraph of appellee's complaint, which motion was overruled, and to this decision the appellant excepted and filed its bill of exceptions. An answer in four paragraphs was then filed by the appellant, of which the first was a general denial, the second was a plea of payment, and each of the other two paragraphs stated special matter by way of defence. The appellee's demurrers, for the want of facts, were overruled as to the third paragraph, and sustained as to the fourth paragraph of said answer; and to this latter ruling the appellant excepted. To the second and third paragraphs of answer the appellee replied by a general denial.

The issues joined were tried by the court, and a finding was made for the appellee in the sum of $647.49; and the appellant's motion for a new trial having been overruled, and its exception entered to this ruling, judgment was rendered on the finding.

The following decisions of the circuit court have been assigned by the appellant as errors :

1. In overruling its demurrer to the first paragraph of complaint ;

2. In overruling its demurrer to the second paragraph of complaint ;

3. In overruling its motion to strike out parts of the complaint ;

4. In overruling its motion for a new trial ; and,

5. In sustaining the demurrer to the fourth paragraph of its answer.

1. In the first paragraph of his complaint, the appellee alleged, in substance, that at the May election, 1873, he was duly elected city marshal for said City of Brazil, for the term of two years thence next ensuing, and that he duly qualified and entered upon the discharge of his duties as such officer, and served as such for said term of two years ; that during his said official term, as such city marshal, the appellant became and was indebted to the appellee in the sum of one hundred dollars " for fees in city cases, which were collected and appropriated by the police officer of said city," with the appellant's consent, and in the further sum of one hundred and fifty dollars " for boarding and furnishing meals to the prisoners of said city, and to tramps and vagrants, by order of the mayor and authorities of said city," and in the further sum of twenty dollars, " for killing dogs, and hauling and burying the carcasses of dead animals found within said city, by virtue of the authority of the mayor and common council of said city," and in the further sum of eight hundred dollars, " balance on salary of said plaintiff, as marshal of said city," a bill of particulars of which was filed with and made part of said paragraph ; that, before the commencement of this suit, the appellee made out, and presented to the common council of said city while in session, an itemized account of said indebtedness, and de-

manded payment thereof, which was refused; and that said several sums were due and unpaid. Wherefore the appellee demanded judgment for one thousand dollars.

The first alleged error presents for our decision this question: Are the facts stated in the first paragraph of the complaint, of which we have just given a complete summary, sufficient to constitute a cause of action, in favor of the appellee and against the appellant, for the whole or any part of the alleged indebtedness stated therein? If the facts alleged in regard to any one of the several items charged for in said paragraph are sufficient to show that the appellant is indebted to the appellee on account of such item, then the court did not err in overruling the demurrer to the paragraph, even if all the other items set forth therein were and are improper or illegal charges. In the first paragraph of the complaint, it was not alleged that the appellant was incorporated under any special act, providing for its incorporation; but in such a case, where a city is a party to a suit, it will be presumed, nothing appearing to the contrary, that such city is incorporated under the general law of this State for the incorporation of cities. *Lowrey* v. *The City of Delphi*, 55 Ind. 250.

By section 29 of the general law for the incorporation of cities, approved March 14th, 1867, in force at and during the time the appellee was marshal, as alleged, of the City of Brazil, the duties and powers of such marshal are declared and set forth with much particularity and clearness. 1 R. S. 1876, p. 279. Under the law the compensation of the city marshal, for the discharge of his official duties, is a matter entirely under the control and within the power of the common council of his city. There is no statutory provision, so far as we are advised, which allows the marshal to tax any fees or costs, or make any charges for services by him rendered in the performance of any of his official duties. In section 51 of the general law for the incorporation of cities, it is provided that "The common

council shall, within one month after the annual election in each year, fix the salaries of all the officers of such city, provided for in this act, and by ordinance provide for the payment of the same; which salaries shall be paid on the 1st day of January, April, July and October in each year, when so fixed, and shall not be increased during that year." 1 R. S. 1876, p. 287.

In so far as the marshal is concerned, of any city incorporated under the general law of this State, the Legislature has made no other provision for his compensation or salary than such as is contained in said section 51. Bearing this in mind, we proceed now to the consideration of the several items sued for by the appellee in the first paragraph of his complaint. In the first of these items, the appellee alleged that the appellant was indebted to him in the sum of $100 "for fees in city cases, which were collected and appropriated by the police officers of said city with the consent of said defendant." This is all that the appellee has alleged in the first paragraph of his complaint in relation to the first item sued for; and it is certain, we think, that it utterly fails to show that the appellant was indebted to the appellee in the sum of $100, or any other sum, "for fees in city cases." As we have already said, the appellee, as marshal, was not entitled under the law to any fees in city cases or any other cases; and if fees had been taxed and collected in his favor, as marshal, he had no right to the money thus collected, and therefore no indebtedness would accrue to him from the appellant on account of such fees, or on account of the collection and appropriation thereof by the police officers of the appellant, with its consent.

The second item sued for by the appellee, in said first paragraph of his complaint, was the sum of $150 "for boarding and furnishing meals to the prisoners of said city, and to tramps and vagabonds, by order of the mayor and authorities of said city." In regard to this second item,

nothing further was alleged by the appellee than what we have quoted from the first paragraph of his complaint. It seems to us, that this allegation was not sufficient to show that the appellant was indebted to the appellee in the said sum of $150, or any part thereof. In so far as the "boarding and furnishing meals to the prisoners of said city" were concerned, it was provided in section 20 of the general law for the incorporation of cities, that such prisoners should be committed "to the workhouse of such city, or, if such city has no workhouse, then to the county prison of the county in which such city is situated;" and it was further provided, that "the keeper of such prison or workhouse shall receive for the keeping, custody and boarding of said defendant fifty cents per day, to be paid by such city upon the presentation of an itemized account therefor." 1 R. S. 1876, p. 274. The appellee failed to allege that he was the keeper of "the workhouse of such city," or, if the appellant had no workhouse, of "the county prison of the county" in which the appellant was situate, at and during the time he was "boarding and furnishing meals to the prisoners of said city," as alleged; and he also failed to aver that the appellant had neglected or refused to pay such indebtedness, "upon the presentation of an itemized account therefor."

If it was any part of the duties of the appellee, as marshal of the City of Brazil, to do and perform the matters and things for which he has charged the appellant in the second item sued for, then it must be presumed that he was fully compensated therefor by his annual salary, as fixed by the common council, under the law; and if, on the other hand, these matters and things were outside of his official duties, as marshal, and were done and performed by him, "by order of the mayor and authorities of said city," and upon a contract or an agreement, express or implied, with the appellant, that he should be compensated therefor, without regard or in addition to his said

annual salary, then such contract or agreement would contravene the provisions of section 52 of the general law for the incorporation of cities, and, for this reason, would be null and void. In said section 52, it is provided as follows:

" No member of the common council, or other officer of such city, shall, either directly or indirectly be a party to or in manner interested in any contract or agreement with such city for any matter, cause or thing by which any liability or indebtedness is in any way or manner created against such city; and if any contract should be made in contravention of the foregoing provisions, the same shall be null and void." 1 R. S. 1876, p. 288.

" The foregoing provisions," it seems to us are entirely too plain for misunderstanding or misconstruction. By the plain letter of the statute, if the appellee, when he was the appellant's marshal, boarded and furnished meals " to the prisoners of said city, and to tramps and vagabonds, by order of the mayor and authorities of said city," under a contract or agreement, express or implied, with the appellant, by which any liability or indebtedness was created against the appellant, such contract or agreement was, beyond all doubt, in direct contravention of the statutory provisions above quoted, and was therefore "null and void." It follows, therefore, that the facts alleged by the appellee, in relation to the said second item of indebtedness sued for by him in the first paragraph of his complaint, were not sufficient to constitute a cause of action therefor in his favor and against the said appellant.

What we have said in regard to the second item will apply with equal force to the third item of indebtedness, sued for in said first paragraph of the complaint, namely, twenty dollars " for killing dogs, and hauling and burying the carcasses of dead animals found within said city, by virtue of the authority of the mayor and common council of said city." If the matters charged for in this third

item were any part of his official duties, as the marshal of the appellant, then it must be presumed that the appellee was paid therefor by his annual salary; but if those matters were outside of his official duties, as marshal, and were done under an agreement, express or implied, that he was to be paid therefor in addition to his salary, then such an agreement was null and void and cannot be enforced.

The last item sued for in the first paragraph of the complaint was the sum of $800, " balance on salary of said plaintiff, as marshal of said city." In the bill of particulars filed with said paragraph, all that is said about the said last item is contained in the following words and figures, to wit: " Due me on salary, $716.00." It seems to us that the facts alleged by the appellee, either in the said first paragraph of his complaint or in his bill of particulars therewith filed, were clearly insufficient to show any cause of action in his favor and against the appellant, for the recovery of the said last item sued for, or any part thereof. We have already seen that, under section 51 of the general law for the incorporation of cities, the salaries of all city officers must be fixed by ordinance by the common council of the city. In the absence of any averment to the contrary, it may be assumed that the appellant's common council, in compliance with their statutory duties, had by ordinance fixed the salaries of all the appellant's officers, including its marshal; and, in that event, it is certain that a copy of such ordinance, or at least of so much thereof as related to the marshal's salary, ought to have been filed with or set out in the said first paragraph of the appellee's complaint. *The City of Terre Haute* v. *Lake,* 43 Ind. 480. In 1 Dillon Municipal Corporations, sec. 169, it is said: " There is no such implied obligation on the part of municipal corporations, and no such relation between them and officers which they are required by law to elect, as will oblige them to make compensation to such officers, unless

the right to it is expressly given by law, ordinance, or by contract. Officers of a municipal corporation are deemed to have accepted their offices with knowledge of, and with reference to, the provisions of the charter or incorporating statute relating to the services which they may be called upon to render, and the compensation provided therefor. Aside from these, or some proper by-law, there is no implied assumpsit on the part of the corporation with respect to the services of its officers."

Here lies the difficulty with the first paragraph of appellee's complaint, in so far as it relates to the balance on his salary. He sues therefor in *indebitatus assumpsit*, as upon an implied contract, and there was no such contract.

Our conclusion is, that the first paragraph of the complaint did not state facts sufficient, as to any of the items sued for therein, to constitute a cause of action, and that the appellant's demurrer thereto ought to have been sustained.

In the second paragraph of his complaint, the appellee sued only to recover a balance of $720, alleged to be due him on his salary from the appellant, as its marshal. It was alleged in this paragraph, that, at the May election, 1873, the appellee was duly elected marshal of said city for the term of two years; that he qualified as such marshal and entered upon the discharge of the duties of the office, and that he served as such marshal for said term of two years; that within one month after said election, to wit, on the 5th day of June, 1873, the common council of the appellant, by an ordinance then passed, fixed the salaries of the officers of said city, for the year commencing May 6th, 1873; that, by section 6 of said ordinance, it was provided that " city marshal shall receive the sum of two dollars per day, to be paid out of the city treasury, for the year commencing May 6th, 1873; " that afterward, on the 6th day of November, 1873, the appellant's common council, by another ordinance then passed, attempted to amend said

section 6 of the former ordinance, and without the appellee's consent or acquiescence, and against his protest and objection, provided in such amended section that "the city marshal shall receive the sum of twenty dollars per month, to be paid out of the city treasury, for the year ending May 6th, 1874; " that, after the passage of said amended ordinance, the appellant by its proper officers refused to pay the appellee, for his services as such marshal during the remainder of his said term of office, ny larger salary than twenty dollars per month; that the appellee continued to serve as such marshal for the residue of his said term, and, when each quarter's salary became due, he demanded of the appellant, through its proper officers, payment thereof at $2.00 per day as fixed by said first ordinance, which sums the appellant then and since had refused to pay ; that, during said term of office, the said two ordinances were all that were passed by the appellant's common council, in relation to his salary as such city marshal; that, during the last eighteen months of his said term, the appellee had received only $20 per month of salary, instead of $60 per month, which he was justly entitled to under the first ordinance, leaving due him and unpaid, of his said salary, $40 per month, or an aggregate sum of $720; and that he had never at any time or in any way agreed to such reduction of his salary. Copies of the two ordinances were filed with the second paragraph of the complaint.

Two questions are presented for decision by the alleged error of the court, in overruling the appellant's demurrer to this second paragraph of appellee's complaint, namely :

1. Had the appellant's common council the power to diminish or reduce the salary of the appellee as marshal ?

2. Conceding the power, were the common council limited or restricted in the exercise of such power ?

In section 51 of the general law for the incorporation of cities, under which the appellant was ' incorporated, the

common council were clothed with the power to " fix the
salaries of all the officers of such city ; " and it is provided
that the common council shall fix such salaries " within
one month after the annual election in each year." It
was further provided in said section, that, " when so fixed,"
such salaries " shall not be increased during that year."
It will be observed that the law contains no provision
whatever in relation to diminution or reduction of the sala-
ries of city officers, but is entirely silent on that subject.
The legislation of this State in regard to the salaries of
city officers and the power of the common council over
the subject has changed materially and rather singularly
within the last thirty years.   In section 75 of " An act for
the incorporation of cities," approved June 18th, 1852,
which was the first general law of the State for the incor-
poration of cities, it was provided that the salary of a city
officer " shall not be diminished during the term of the
then incumbent; " while the act contained no provision in
regard to the increase of such salary.   1 R. S. 1852, p. 219.
This section 75 was substantially re-enacted in the 30th
clause of section 35 of the general law for the incorpora-
tion of cities, approved March 9th, 1857.   1 G. &. H.,
p. 225.   In the 29th clause of section 34 of an act provid-
ing for the incorporation of cities, approved December
20th, 1865, it was provided that " The common council
shall, in their by-laws, provide for the compensation of all
city officers at their first meeting, or within one month
after their election, and annually thereafter."   Acts 1865,
Spec. Sess., p. 17.   It will be observed that the prohibition
against the diminution of the salary of any city officer
" during the term of the then incumbent," contained in
the prior acts of 1852 and 1857, was entirely omitted from
the act of December, 20th, 1865, and that this latter act
was silent on the subject of increasing such salaries.   On
March 14th, 1867, the general law now in force was ap-
proved, for the incorporation of cities and repealing all

prior general laws on that subject; in section 51 of which act, as we have seen, is a prohibition against any increase of salary of the city officers, when "fixed during that year."

What was the legislative intention in making such a change in the law in relation to the salaries of city officers? It is easy enough to understand why the Legislature should provide that the common council should not be authorized to increase the salaries of city officers. But the action of the law-making power, in repealing the statutory provisions which prohibited the common council from diminishing the salary of a city officer "during the term of the then incumbent," can only be explained and understood upon the hypothesis that the Legislature intended thereby to remove all restrictions and limitations upon the right and power of the common council to diminish and reduce the salary of any city officer, at any time and to any amount, within their discretion. It seems to us that this was the legislative intention and meaning in the enactment of the law now in force, and in the repeal of all prior legislation on the subject now under consideration. It will not do to say, we think, that, although the common council have the right and power, as they certainly have, to diminish and reduce the salaries of city officers, yet they must exercise such right and power " within one month after the annual election in each year, or not at all. For such a construction would practically defeat the whole scope, purpose and intention of the legislation bearing upon the power of the common council to diminish or reduce the salaries of city officers. Under the statute, the common council are allowed one month to " fix the salaries of all the officers of such city ; " and if, within the same month, they should be required to diminish or reduce the salaries, " when so fixed," the result would be that the power to diminish or reduce would exist only in the name.

In 1 Dillon Municipal Corporations, p. 288, sec. 170, it was said : "A municipal corporation may, unless restrained by charter, or unless the employment is in the nature of a contract, reduce or otherwise regulate the salaries and fees of its officers, according to its view of expediency and right." Again, on the same page of the same excellent treatise, it is further said : " Although an officer may be elected or appointed for a fixed period, yet where he is not bound, and cannot be compelled to serve for the whole time, such election or appointment cannot be considered a contract to hire for a stipulated term. Ordinances fixing salaries are not in the nature of contracts with officers." In the case of *Coffin* v. *The State, ex rel. Norton*, 7 Ind. 157, PERKINS, J., speaking for this court, said : " Offices are not regarded, in this country, as grants or contracts, the obligation of which can not be impaired ; but rather as trusts or agencies."

Looking to the general laws for the incorporation of cities, under which nearly all of the numerous cities of this State have been and are incorporated, and comparing the present with the past general laws for that purpose, with especial reference to the powers conferred, from time to time, upon the common councils of such cities, over the subject of the salaries of city officers, it has seemed to us that the intention of the Legislature, in the enactment of the present law, was to clothe the common councils of such cities with full power over the salaries of city officers, with no restrictions or limitations on the exercise of such power, except such as are specifically mentioned in the statute. We think, therefore, that the appellant's common council, in the exercise of their discretion, had the power under the law to reduce the salary of the appellee, as marshal, in the manner and at the time it was done, as alleged. This view of the question brings us to decide, as we do, that the court erred in overruling the appellant's demurrer to the second paragraph of the appellee's complaint.

Our conclusion in regard the insufficiency of both the paragraphs of the complaint renders it wholly unnecessary for us to consider or decide any of the questions arising under the other alleged errors.

The judgment is reversed, at the appellee's costs, and the cause is remanded with instructions to sustain the appellant's demurrers to each of the paragraphs of the complaint, and for further proceedings not inconsistent with this opinion.