O'Boyle *et al. v.* Shannon.

---

No. 6629.

O'BOYLE ET AL. *v.* SHANNON.

COUNTY COMMISSIONERS.—*Appeal.—Railroad · Stocks.—Injunction.*—As the statute was in December, 1872, R. S. 1881, section 5772, an appeal was not allowed from an order of a board of county commissioners, selling railroad stocks belonging to the county.

SAME.—*Costs.*—The board would, in no event, be a proper party to such appeal, and the costs, therefore, would not be taxed against it.

INJUNCTION.—*Semble*, that if the members of the board act corruptly in disposing of property of the county, injunction would lie, and if that could not be made effective they would be personally liable for the breach of trust.

From the Vermillion Circuit Court.

*J. G. Williams*, for appellants.

*J. M. Allen, W. Mack* and *S. C. Davis*, for appellee.

80  159
126  470
80  159
136  505
136  542
80  159
140  73

NIBLACK, J.—On the 2d day of December, 1872, the board of commissioners of the county of Vigo, in regular session, made and entered of record an order selling to Patrick Shannon certain stock in the Evansville and Crawfordsville Railroad Company, owned and held by Vigo county, for the sum of $17,000, and appointing John E. Martin attorney in fact, for the county to transfer the stock on the books of the railroad company to the said Shannon.

On the 9th day of the same month, John H. O'Boyle, the appellant, filed an affidavit and an appeal bond with the auditor of Vigo county and prayed an appeal from the order of the board of commissioners, made and entered as above stated, to the Vigo Circuit Court, which was granted by the auditor. At the April term, 1873, of the Vigo Circuit Court, the venue was changed to the Vermillion Circuit Court, where there was a trial upon the merits, resulting in a finding and judgment setting aside the sale of the stock to Shannon. Upon an appeal to this court, that judgment was reversed, and the cause remanded for further proceedings. *Shannon* v. *O'Boyle*, 51 Ind. 565. After the cause was remanded to the court below, Shannon, the appellee, moved to dismiss the appeal upon the ground that no appeal was allowed by law from such an order as that set forth as above. This motion was sustained and the appeal was dismissed.

The only error assigned is upon the decision of the court dismissing the appeal.

When this cause was here before it was held that the commissioners of Vigo county had power to sell the stock in controversy, and that the exercise of that power was a matter which rested in their discretion; that their power to make such a sale was implied from the nature of their organization and from the general powers conferred upon them by statute; that their power in respect to such a sale was one which could not be controlled by a superior tribunal so long as it was exercised in good faith. Dillon Mun. Corp., section 396; *Sims* v. *The Board, etc.*, 39 Ind. 40; *Bosley* v. *Ackelmire*, 39 Ind.

536 ; *Moffit* v. *The State, ex rel.,* 40 Ind. 217 ; *The Board, etc.,* v. *Richardson,* 54 Ind. 153 ; *The Baltimore, etc., R. R. Co.* v. *The Board, etc.,* 73 Ind. 213. See also *The City of Fort Wayne* v. *Cody,* 43 Ind. 197.

This discretionary power of county commissioners, over the property of their respective counties, has been held to be analogous to the legislative power possessed by many municipal bodies and is distinguishable from the judicial or *quasi* judicial powers conferred upon such commissioners. *Hanna* v. *The Board, etc.,* 29 Ind. 170.

It follows, therefore, that the order of sale, from which an appeal was prayed in this case, was not a " decision " within the meaning of the statute authorizing appeals from the decisions of county commissioners in a large class of cases. 1 R. S. 1876, p. 357, section 31. Consequently, the court below did not err in dismissing the appeal in this cause.

As suggested by counsel, there is apparently some conflict between some of the cases ruled upon by this court bearing upon the general question of right of appeal from proceedings of boards of county commissioners, and we think the distinction recognized as above between that class of proceedings which may, and that which may not, be appealed from, has not always been observed as carefully as perhaps it might have been.

It may be that in some cases the right of appeal has been sustained where the proper remedy, if any, would have been by proceedings for an injunction.

As the commissioners of Vigo county would not in any event have been a proper party to this appeal, no part of the costs accruing in this court ought to be taxed against them.

The judgment is affirmed, at the costs of appellant O'Boyle.

## On Petition for a Rehearing.

Niblack, J.—We are asked to reconsider our decision in this case principally upon the ground that the conclusion reached by us leaves the property of the several counties of

the State at the mercy of the boards of commissioners of the counties respectively, and allows such boards to sell or otherwise dispose of such property without restraint, and in utter disregard of the rights and interests of the people, for whose use the same is held.

It is unfortunately true that the commissioners of the several counties, in common with other public officers, may, if so inclined, abuse many of the trusts reposed in them, in such a way as to leave those most interested without any adequate remedy, but the management and general control of all property interests must ultimately rest in the discretion of some person or organization of persons, either as the owner or trustee, and in regard to county property that discretion is vested in the commissioners of the respective counties, to be exercised by them in good faith and presumably for the best interests of the people who elect them, under general laws prescribing their duties as such commissioners. If, however, such commissioners shall fail to observe good faith in the management or disposition of such property, or shall fraudulently sell or attempt to sell the property committed to their care, every taxpayer of the proper county has his remedy by injunction, not only against the faithless commissioners, but against all in collusion with them. In such an emergency, an application for an injunction can often be made a more prompt, efficient and far-reaching remedy than ordinary proceedings upon an appeal would afford.

If the statement of facts, made by counsel for the appellant by way of illustration, comprises a correct history of this case, then the appellant simply mistook his remedy, by attempting to appeal instead of applying for an injunction. In case an injunction could not have been made effective, the commissioners would have been personally liable for the gross breach of the trust confided to them.

We have considered this case only with reference to the laws in force at the time the appeal in this case was prayed, and have not enquired whether there may not have since been

additional legislation on the subject of the management and disposition of county property.

The petition for a rehearing is overruled.