The City of Terre Haute v. The Terre Haute Water-Works Company.

———◆———

No. 8785.

94 305
h160 40

94 305
171 659

THE CITY OF TERRE HAUTE *v.* THE TERRE HAUTE WATER-WORKS COMPANY.

CITY.— *Power to Sell Water-Works Stock.*—A city incorporated under the general law of this State has the right to sell stock subscribed by it in the capital stock of a water-works company, and as an incident to decide upon the terms of sale.

SAME.—*Incorporation of Terre Haute.*—There is no provision in the law under which the city of Terre Haute is incorporated, nor in that under which the Terre Haute Water-Works Company is organized, prohibiting the city from selling stock subscribed by it in the capital stock of such company.

The City of Terre Haute v. The Terre Haute Water-Works Company.

SAME.—*Power of Courts to Set Aside.*—Sales made by a municipal corporation, in the exercise of discretionary power, can not be annulled for the reason that the bargain was improvident.

SAME.—*City Officers Have no Power to Donate City Property.*—The officers of a city have no right to make gifts of city property.

From the Vigo Circuit Court.

*C. F. McNutt* and *J. G. McNutt*, for appellant.

*W. Mack* and *J. G. Williams*, for appellee.

ELLIOTT, J.—The questions presented by the first and third paragraphs of the appellant's complaint are the same, and may be thus stated:

*First.* Has a municipal corporation the incidental authority to sell stock subscribed by it in the capital stock of a water-works company incorporated under the laws of this State?

*Second.* Is there any provision in the law under which the city of Terre Haute is incorporated, or in the law under which the water-works company is organized, prohibiting the sale of such stock? Of these in their order.

We have no hesitation in holding that a municipal corporation may sell stock taken by it in a private corporation. The right to sell property not held for a public purpose is an incidental power inherent in all corporations, public or private, unless withheld by the law under which they were organized. *O'Boyle* v. *Shannon*, 80 Ind. 159; *Shannon* v. *O'Boyle*, 51 Ind. 565; 2 Dillon Munic. Corp. (3d ed.) 575.

The second question must be answered in favor of the appellee. We find no provision in the law for the incorporation of the city, or in the law providing for the organization of the water-works company, denying the right to sell the stock which the city is authorized to subscribe. Section 9 of the act to which counsel refer does not touch this question.

The authority of a private corporation to hold property can not be questioned by a municipal corporation; that is a right to be exercised by the State in a direct proceeding.

The authority to sell property implies authority to determine the terms of sale. Where a municipal corporation pos-

sesses authority to sell, it also possesses, as an incident to the principal power, the right to decide upon what terms the sale shall be made.

Where a discretionary power is conferred upon a municipal corporation courts will not interfere with its exercise. Sales made by a municipal corporation, in the exercise of a discretionary power vested in it, can not be annulled upon the ground that the bargain was an improvident one.

The second paragraph of the complaint avers that the $50,000 of stock subscribed by the city was "donated" to the appellee. In our opinion, the officers of a municipal corporation have no right to make gifts of corporate property. They are not the corporation, but are only its agents entrusted with specific official duties. They occupy positions of trust requiring of them fidelity to the corporate interests and prohibiting them from making gifts of trust property. It is easy to conceive that gross abuses and shameful misbehavior might result if corporate officers were permitted to give to those they chose to favor the property of the municipality. Long settled principles of law are arrayed against the authority of one occupying a position of trust to deprive the person, natural or artificial, whom he represents, of his property by bestowing it as a mere gift upon some person chosen by himself as the recipient of the bounty.

It was not necessary to set forth an order of the common council making the gift, for the action does not rest upon a contract or a written instrument. The gravamen of the complaint is the wrongful breach of duty in bestowing a gift of corporate property upon a party who had full knowledge of all the facts. The case of *City of Terre Haute* v. *Lake*, 43 Ind. 480, is not in point.

Judgment reversed, with instructions to overrule the demurrer to the second paragraph of the complaint.

Filed March 28, 1884.