Crow *et al. v.* The Board of Commissioners of Warren County.

No. 13,599.

CROW ET AL. *v.* THE BOARD OF COMMISSIONERS OF WARREN COUNTY.

COUNTY COMMISSIONERS.—*Ministerial Acts.*—The board of county commissioners in determining upon a change in the location of county buildings and in settling matters incidental thereto, acts in a ministerial and not in a judicial capacity.

SAME.—*Location of County Buildings.—Removal and Reconstruction.—Fraud.—Injunction.*—The board of commissioners may contract for the removal of the county court-house and jail to a new site and for their reconstruction thereon, or for the sale of the old buildings and the erection of new ones upon a different site, and its action can be questioned only when there is an abuse of discretion amounting to fraud.

SAME.—*Sale of County Property.—Notice.*—Where the board of commissioners enters into a contract, whereby the contractor is to remove the old county buildings to a new site and provide all materials that may be required to reconstruct them, in addition to that which the old buildings will furnish, there is no sale of the old buildings to the contractor, within the meaning of section 4248, R. S. 1881, and the notice of sale therein provided for is not necessary.

From the Warren Circuit Court.

*T. F. Davidson, W. C. Wilson* and *W. L. Raybourn,* for appellants.

*C. V. McAdams, J. McCabe, E. F. McCabe* and *W. P. Rhodes,* for appellee.

BERKSHIRE, J.—This is an action for an injunction by the appellants, who are voters and taxpayers of Warren county, Indiana, against the appellee. There are several errors assigned, but they all relate to the action of the court in sustaining the demurrers to the complaint and amended complaint.

The original complaint was filed on the 25th day of May, 1886, and contained but one paragraph; on the 14th day of June, by order of the court, summons issued. On the 19th

day of July, 1886, an *addendum* was added to the complaint, and it was then verified. On the 23d day of July, 1886, a temporary restraining order was granted. Afterwards Judge Rabb, the judge of the Warren Circuit Court, for legal reasons, declined to take further jurisdiction of the action, and appointed the Hon. Lewis C. Walker, one of the judges of the Marion Superior Court, to hear and decide the application for a temporary injunction then pending, who assumed jurisdiction at chambers, whereupon the appellee filed a demurrer to the complaint, and, after hearing argument, Judge Walker, on the 30th day of July, 1886, sustained the demurrer and dissolved the temporary restraining order theretofore granted, and the appellants reserved an exception. On the 11th day of October, 1886, the appellants filed an amendment to their original complaint, and also filed an additional paragraph. To the original paragraph of complaint as amended, and to the second or additional paragraph thereof, the appellee filed its demurrer, and on the 5th day of November, 1886, the court sustained said demurrer to each of said paragraphs of complaint, and the appellants reserved an exception.

The paragraphs of complaint are lengthy, and we do not feel called upon to set them out or state in detail their substance; it is sufficient to state that the original paragraph averred that the appellee, in its corporate capacity, and in trust for the people of the county, was the owner of a certain block of ground, or public square, on which were located a court-house, county jail and jailor's residence; that the court-house was erected in the year 1870 at a cost to the people of the county of $60,000, and that the same was ample for all the purposes and uses of a court-house. At the March session, 1886, the board, having theretofore contracted for grounds in another part of the town for that purpose, made an order for the removal of the court-house and jail from the old site and their reconstruction upon the new, and directed

# NOVEMBER TERM, 1888.    53

Crow *et al. v.* The Board of Commissioners of Warren County.

the county auditor to advertise for bids for the removal and rebuilding of said buildings..

Afterwards, and at a special session of the board held on the 31st day of March, 1886, R. P. Daggett and James O. Wright were appointed architects to prepare plans and specifications for the removal and reconstruction of said buildings, and to superintend their removal and reconstruction. At a special session of the board, held April 14th, 1886, it adopted plans and specifications submitted by said architects, and directed that notice be given by the auditor for the sale of the old site, reserving the court-house and jail, and the right to remove the same, and that notice be given that sealed bids would be received for the removal and reconstruction of said buildings.

In the original order for the removal and reconstruction of the court-house and jail, the board states certain reasons whereby it becomes necessary to change the site and rebuild or reconstruct (to follow the language employed in the order). The appellants controvert the reasons given by the board in the order for its action, and allege that the recitals therein are mere pretences and that the board acted in bad faith. But, after all, the averments in the complaint only show that there was a difference of opinion between the board and the appellants as to the propriety of the removal and the rebuilding on the new site.

The adjectives that are employed or epithets applied to the action of the board do not add strength to the averments of fact, and, after all, the facts that are averred must be looked to in determining whether or not the board acted fraudulently. The facts pleaded do not disclose any bad faith or abuse of discretion on the part of the board or its members. It is not shown that between the members of the board, or between them and others, there were any acts of bad faith whereby the county would suffer loss. As already stated the most that is disclosed is, that there was a difference of opinion between the appellants and the board as to the pro-

priety of the removal and reconstruction of the county buildings. In what the board did it acted in a ministerial and not in a judicial capacity. *Platter* v. *Board, etc.*, 103 Ind. 360; *O'Boyle* v. *Shannon*, 80 Ind. 159; *Shannon* v. *O'Boyle*, 51 Ind. 565; *City of Terre Haute* v. *Terre Haute Water-Works Co.*, 94 Ind. 305. The board of commissioners had the right and power to contract for the removal of the court-house and jail to the new site, and for their reconstruction thereon, or to sell the old buildings and erect new ones upon the new site, and though they may not have acted wisely, if there was not an abuse of discretion amounting to fraud the action of the board can not be questioned. See the cases cited above and the authorities therein mentioned.

The notice given to the public for bids included the removal of the old buildings, and the furnishing of all necessary material in addition to the material that the old buildings would furnish, and bids were received and the contract let on those terms.

Section 4248, R. S. 1881, reads thus: " The board of county commissioners shall not be authorized to sell any county property, either real or personal, except at public auction, after advertising said property for sale sixty days, giving the terms, time, and place of sale, and a description of the property to be sold."

This court has held that in the sale of county property by the board this statute must be strictly complied with. *Platter* v. *Board, etc.*, *supra*, and cases cited.

It is contended by the appellants that when the board let the contract, the contractors to remove the old buildings and to furnish all material required in addition to the material that the old buildings would furnish, that was in effect a sale of the old buildings to the contractors, and in violation of the statute.

We do not so understand it. The old buildings, and the materials furnished therefrom, at all times remained the property of the county, and went into the new build-

ings as its property. The contract as let was to erect and complete the new buildings, using the material of the county so far as it would go. Suppose the county had had 100,000 bricks on hand when the contract was let, will it be contended that the board could not have let the contract, the contractor furnishing all material except the bricks to be furnished by the county, and that before the bricks could be used they would have to be advertised and sold, as provided in the foregoing statute? We apprehend not. What we have said, and the conclusion reached, apply as well to the second as to the first paragraph. We find no error in the record.

Judgment affirmed, with costs.

Filed March 15, 1889.