JOHN ATKINSON, Appellant, v. D. E. WYKOFF *et al.,*
Respondents.

Kansas City Court of Appeals, April 30, 1894.

1. **Appellate Practice:** INSUFFICIENT ABSTRACT. Although the abstract in this case is indifferently prepared and scarcely intelligible, the case is retained and the appeal is not dismissed.

2. **Injunction:** INTERFERENCE OF COURTS WITH MUNICIPAL AUTHORITIES: PASSING ORDINANCE. Courts are reluctant to interfere with municipal authorities in the performance of their charter duties, and will never do so except in case of manifest abuse; and the necessity and expediency of vacating streets is committed to the authorities of cities of the third class, and the courts should decline by injunction to interfere with the passage of an ordinance in relation thereto.

3. ——: ——: ——: DAMAGES. That the vacation of a street under an ordinance pending before the council, will damage a property holder, does not authorize a court to restrain the passage of such ordinance as ample provision may be made for the satisfaction of such damages by that ordinance itself or by subsequent ones.

*Appeal from the Bates Circuit Court.*—HON. JAMES H.
LAY, Judge.

AFFIRMED.

*Graves & Clark* and *Jno. D. Parkinson* for appellant.

(1) The petition states a good cause of action against defendant Wykoff, if no other party. The petition charges that the ordinances passed vacated a part of a street, but did not provide for an assessment of damage to abutting landowners. This assessment of damages is required by the law, and if irreparable damages and if no adequate remedy at law are alleged, injunction is the proper remedies. R. S., secs. 1514, 1524; 10 Am. and Eng. Encyclopedia of Law, p. 980;

*Commissioners v. Dunham,* 43 Ill. 86; *Powers v. Bears,* 12 Wis. 214; *Folley v. Passaic,* 26 N. J. 216; *Horton v. Hoyt,* 11 Iowa, 496; *Carpenter v. Grisham,* 59 Mo. 247; *Curran v. Shattuck,* 24 Col. 427; *Frizell v. Rogers,* 82 Ill. 110; *Rushville v. Gas Co.,* 28 N. E. Rep. 862. (2) The bills could not become ordinances until signed by Wykoff as *ex officio* president of the council nor until approved by him as mayor. R. S., secs. 1536, 1537.

*Thos. J. Smith* for respondent.

Neither will the exercise of legislative power nor of official discretion be controlled nor restrained by the courts. Hilliard on Injunctions, sec. 27, pp. 401, 402; High on Extraordinary Legal Remedies, secs. 42–46, pp. 38–40; *McWhorter v. Railroad,* 24 Fla. 517; s. c., 5 Am. St. Rep. 220; *State ex rel. v. Cramer,* 96 Mo. 75; *State ex rel. v. Field,* 37 Mo. App. 83.

GILL, J.—I. The respondents claim with much reason that the appellant has failed to present his case here in such a shape as to justify our consideration. The so-called abstract is so indifferently prepared and submitted that it may be regarded as a mere *statement of the* case, and even when so treated it is scarcely intelligible. For instance, it states the case originated in the *county court* of Bates county, whereas it is clearly a cause of which the county court has no jurisdiction. A petition is then copied to which it is claimed two separate demurrers were interposed, but one of the so-called demurrers, to wit: that of George W. Pollock, is entitled as that of another case and there is nothing on its face that indicates the paper to have been a pleading in this suit.

We shall not, however, dismiss the appeal as requested by defendants' counsel, but will retain the case so as to dispose of the ruling of the lower court on

the joint demurrer filed by Wykoff and the city of Butler.

II.   It would *seem* that the action was brought in the latter part of January or first of February, 1893, and that its object was to enjoin the proposed vacation of a portion of Lyon street in the city of Butler. Plaintiff in his petition alleges that he is the owner of a lot and improvements thereon running from Main street to Lyon street, abutting on both.   That the city council of Butler, had, at different meetings during December, 1892, and January, 1893, passed some four ordinances (but which are not set out) "by which said city attempts to vacate said strip of land (known as Lyon street), and that Wykoff as mayor of said city is threatening to sign and approve the same."  That plaintiff as an abutting landowner has a valuable easement in said street and that its vacation would do him injury, etc., and "that said council although attempting to vacate said strip has not paid this plaintiff any adequate compensation for his damages which he would thereby sustain and has not had the same determined by the assessment of five disinterested freeholders as required by law."   Wherefore the plaintiff prays "that this court by its order and decree enjoin and restrain the said city of Butler from vacating or attempting to vacate said strip of land and enjoin and restrain said Wykoff from signing said ordinances as *ex officio* president of the council and from approving the same as mayor."

The court sustained a demurrer to this petition filed by Wykoff, the mayor, and the city of Butler on the alleged ground that it failed to state any cause of action against them or either of them.  And this ruling is the only matter we can consider on this appeal.

In our opinion the court very properly sustained this demurrer.  The courts are reluctant to interfere

with the municipal authorities in the performance of their charter duties. It will never be done except in case of manifest abuse, of authority. The statutes impose certain power and discretion in city officials and the courts are not warranted in supplanting this discretion with their own judgment. Elliott on Roads and Streets, p. 664.

Now the city of Butler is a city of the third class; and as such has "power to open, widen, extend or otherwise improve its streets * * * and also to vacate or discontinue the same whenever deemed necessary or expedient." R. S. 1889, sec. 1514. Whether or not it was "necessary or expedient" to vacate Lyon. street at the point complained of, was left to the judgment and discretion of the municipal authorities of Butler, and not to the judgment or discretion of the circuit court. Said court therefore wisely declined "by its order and decree to enjoin and restrain the said city of Butler from vacating or attempting to vacate" said street.

But plaintiff complains that the council was proceeding in the matter and passing these ordinances preparatory to vacating such street, without first having paid him any damages which he would sustain. Even admitting that to vacate the street would be "taking" or damaging of private property for public use, and for which compensation should be paid under the mandate of the constitution (section 21, Bill of Rights), and yet there was no wrong done by the mere passage of the ordinances which looked to the ultimate end of discontinuing the street. For aught that appears here it may have been intended to assess and pay plaintiff's damages, if any done, for the taking his appended easement. The ordinances may have so provided. They are not definitely pleaded in the petition and the court would be justified in assuming that they were in legal and

proper form.  Or for that matter, we know of no law that requires the entire matter to be included in one ordinance.  The council may have passed one ordinance to vacate and another to provide the fixing of damages to adjoining lot owners.  Clearly it was not designed by the law to require the city to pay the damages to adjoining lot owners before the passage of the ordinance looking to the vacation of the street.  The mere passage of these ordinances, approved, too, by Mayor Wykoff, would commit no injury.  For if illegal and void, then they would furnish no justification to any one who, on the faith thereof, might erect obstructions in the street; and if in legal and proper form then plaintiff's rights would be fully protected thereunder.  We think we might say here, as was declared by a New York court, that "it will be time enough for the courts to interfere and adjudicate at the instance of a private citizen, upon the effect or legality of an ordinance of the council, after its passage, and when some one evinces at least an intention to avail himself of it, and to act, or to enforce some claim, right or privilege under it to the injury of the complainant." *Whitney v. Mayor, etc.*, 28 Barb. 233; See also Hilliard on Injunctions [3 Ed.], p. 401.

The judgment of the circuit court is affirmed.  All concur.