A. T. GALT *et al.*

*v.*

THE CITY OF CHICAGO.

*Opinion filed October 24, 1898.*

1. SPECIAL ASSESSMENTS—*words appearing in copy of ordinance but not contained in original may be stricken out.* Words inserted in the copy of a paving ordinance attached to the petition for confirmation to describe the quality of asphalt, which are not contained in the ordinance as passed, may be stricken out at trial by way of amendment, and confirmation may be had, if it is not shown that a re-casting of the assessment is rendered necessary by the change.

2. SAME—*ordinance can be amended only by act of same grade.* An ordinance for paving a street cannot be amended to change the character of paving material by certain "orders" passed by the council on motion.

3. SAME—*unauthorized change of material by council after filing roll does not defeat confirmation.* Confirmation of a paving assessment cannot be defeated on the ground that the council had made an unauthorized change in the paving material after the assessment roll had been made and filed, in the absence of evidence showing the original ordinance was not followed in making the assessment.

4. SAME—*right to pave street not limited to a single assessment.* Confirmation of a special assessment for paving a street with asphalt cannot be defeated by the fact that the street had been paved with cedar blocks some eight years before and the cost thereof paid by special assessment, where the evidence tends to show that it was necessary to take up the blocks and lay a more durable pavement.

5. SAME—*effect where commissioners assess no cost to city.* The commissioners' determination as to the relative amount of the cost of an improvement which is to be borne respectively by the municipality and the property owners is final, and the fact that the city's share is fixed at "no dollars" does not show that the improvement is not a public one, such as might be made by special assessment.

APPEAL from the County Court of Cook county; the Hon. W. T. HODSON, Judge, presiding.

R. S. THOMPSON, for appellants.

CHARLES S. THORNTON, Corporation Counsel, and ARMAND F. TEEFY, Assistant, for appellee.

Mr. CHIEF JUSTICE CARTER delivered the opinion of the court:

This is an appeal from a judgment of confirmation of a special assessment for curbing, grading and paving a portion of North Clark street, in the city of Chicago.

It is first urged that the ordinance contained in the petition, and under which the assessment was made, was in fact never passed by the council of the city of Chicago, and that consequently all proceedings based on such supposed ordinance are void. When the objection to the

admission in evidence of this ordinance was made in the county court, counsel for the city admitted that the copy of the ordinance attached to the petition was not a correct copy of the ordinance as passed by the council, and asked leave to amend the petition by inserting a correct copy, which leave was granted by the court, over the objection of the appellants, and the amendment was made instanter. The ordinance described the asphalt to be used, but in the copy attached to the petition was this clause, not contained in the original, viz.: "or asphalt which shall be equal in quality for paving purposes to that from Pitch Lake, in the island of Trinidad." There was no error in allowing the amendment, nor is it made to appear that any re-casting of the assessment roll was necessary.

It is next urged that the city council, while this cause was pending in the county court and after the assessment roll had been made and filed, by an amendment to the ordinance changed the character of the pavement proposed in a most important respect, substituting concrete for expanded metal. Counsel for appellee insist that the ordinance was not amended, but that the council passed two certain orders by resolution, which were wholly ineffectual to amend the ordinance and were void. The certified copy introduced in evidence does not have the formal commencement prescribed by statute for ordinances, and the clerk uses the words "two orders" in his certificate relating to the action in question of the council, and the record of the council proceedings contains the following in reference thereto: "Ald. Martin presented the following orders, * * * which were, on motion, duly passed." An ordinance cannot be amended in this way, and these orders had no effect upon it. (*Davis* v. *City of Litchfield*, 155 Ill. 384.) We do not find anything in the evidence showing that the ordinance for the improvement was not complied with, and unless these void orders were followed, instead of the ordinance, we

are unable to see how they could operate to prevent the confirmation of the assessment.

It is next urged that North Clark street had theretofore been paved by special assessment, and that the property of appellants in this case had already paid its proportion for the improvement of the street. The street was paved with cedar blocks upwards of eight years before, and the evidence tended to show that it had become necessary to take up these blocks and pave the street with a more permanent material. The cause was heard before the court without a jury, and we think the court did not err in holding that the ordinance was not unreasonable or oppressive in requiring the street to be paved with asphalt.

It is finally urged, because the commissioners, in assessing the cost of the improvement, found that the proportion of the total cost which would be of benefit to the public and should be assessed to the city of Chicago was "no dollars," it was therefore not a public improvement and that the city had no power to make it by special assessment,—in other words, the city was not charged with any amount on account of the contemplated improvement. The evidence showed that it was a public improvement of a public street. In *Billings* v. *City of Chicago*, 167 Ill. 337, the commissioners made a similar report, and we there said (p. 342): "This court has held in a number of cases, that where the commissioners have acted and made their report, as was done here, their finding is conclusive in so far as it fixes the relative amount of the cost of the improvement that is to be respectively borne by the municipality and the owners of the property benefited,"—citing *Bigelow* v. *City of Chicago*, 90 Ill. 49, *City of Sterling* v. *Galt*, 117 id. 11, and *Walters* v. *Town of Lake*, 129 id. 23. See, also, *Newman* v. *City of Chicago*, 153 Ill. 469, (on pp. 475, 476.)

Finding no errors the judgment is affirmed.

*Judgment affirmed.*