HALVOR STEENERSON v. LOUIS FONTAINE and Another.[1]

December 18, 1908.

Nos. 15,728—(16).

**Resolution Passed by City Council.**

A resolution passed by a city council, as to which all the formalities of an ordinance had been complied with, becomes a legislative act; and it is immaterial whether it be called an ordinance or a resolution.

**Vacation of Highway—Title.**

Upon the vacation of a highway, absolute title to land covered by it reverts to the owner of the fee, who may or may not be the abutting owner.

**Same—Right of Abutting Owner.**

An ordinance vacating a highway over land conveyed by an owner of the fee to a city for highway purposes and for no other use is not void because the right of the abutting owner to use the street vacated had not been condemned.

**Repeal of Ordinance—Right of Purchaser.**

The informal repeal of an ordinance vacating a highway will not operate to repeal an ordinance previously enacted with the formalities required by law, and to divest the interest of a purchaser from the owner of the fee after title had accrued to such owner upon the enactment of the ordinance.

**Injunction to Restrain Use of Vacated Strip.**

Here the proprietor deeded the east one hundred feet of a certain lot to plaintiff's grantor. Subsequently he deeded for a nominal consideration to the city the westerly forty feet of said lot "for road purposes and no other use." Afterwards the city formally passed an ordinance vacating the westerly forty feet of said lot and of other lots lying south of it. Subsequently an informal resolution amended the original by exempting from its operation the said westerly forty feet. It is *held* that the owner of the easterly one hundred feet was not entitled to an injunction to restrain the improvement and use of the westerly forty feet by one who had, after the vacation, obtained a quitclaim deed thereto from the original owner of the premises.

Action in the district court for Polk county to restrain defendants from further maintaining their obstructions and buildings upon cer-

[1] Reported in 119 N. W. 400.

106 M.—15

tain property and from making any further obstructions thereon, which property was alleged to be a public highway. The complaint alleged that upon the railroad right of way adjacent to the property the railroad company maintained a depot for freight and passengers and side tracks,.and while the property was open to public travel and traffic plaintiff's property was peculiarly valuable for carrying on certain classes of business wherein access to said depot and said side tracks and the freight cars thereon is necessary and convenient, and that defendants' obstructions have depreciated the rental value of plaintiff's property. The description of plaintiff's property and of that of defendants is given in the opinion. The case was tried before Grindeland, J., who found the facts mentioned in the opinion and ordered that the action be dismissed. From an order denying a motion to vacate and set aside the findings of fact and conclusions of law and order for judgment, plaintiff appealed. Affirmed.

. *A. A. Miller* and *Charles Loring,* for appellant.

*Martin O'Brien,* for respondents.

JAGGARD, J.

In 1875 the proprietor platted the original town site of Crookston. In 1879 he deeded the east one hundred feet of lot 9 of block one to the plaintiff's grantor. Subsequently he executed a warranty deed for a nominal consideration to the city of Crookston, "for road purposes and no other use," to the forty feet off the west end, among others, of said lot. This forty feet, lying to the north of the corresponding strip in lot 8 and east of a right of way of a railway, is the premises here in dispute. In 1898 the city, without notice to the plaintiff, passed a resolution purporting to vacate the said westerly forty feet of lot 9 and of other lots lying south of it by a vote of ten of the eleven members of the city council. This resolution was duly approved by the mayor, published, and recorded as required by the charter, and was thereafter recorded in the office of the register of deeds in September, 1898. In October of the same year this vote was reconsidered, and the resolution amended by striking out and exempting from the operation of said resolution the premises here in dispute. As amended the resolution was thereupon adopted by an affirmative vote of ten members of the city council. This resolution was

not shown to have been approved by the mayor, or to have been published and recorded, as required by section 6, c. 4, of the city charter. On April 10, 1902, a certified copy of the latter proceedings was duly recorded in the office of the register of deeds. The defendants procured from the original proprietor a quitclaim deed, dated May 16, 1900, conveying the westerly forty feet of lot 9, the premises here in dispute. This was recorded on November 4, 1901. Defendants asserted ownership under this quitclaim deed, and obstructed the premises in such manner as to prevent its use as a street, and demonstrated their intention of occupying it permanently. The trial court found these as facts.

This appeal was taken from an order of the trial court denying a motion of the plaintiff to vacate and set aside the findings of fact and conclusions of law, and order for judgment in favor of the defendants and to grant a new trial

1. When the original owner sold to plaintiff's grantor the east one hundred feet of lot 9, he, of course, retained title to the westerly forty feet. His subsequent deed to the city of that forty feet, defendants contend with much earnestness, was inoperative, because the city never accepted the tender, which imposed on it the responsibility of its maintenance as a street and to that extent decreased taxable property. The decision of that controversy is not, however, essential here. The resolution vacating the streets complied alike with the charter formalities and with the substantive law.. On general principles, the vacating of a street under charter powers is wholly a question of expediency for the municipal authorities, and the courts will not interfere, except in case of manifest abuse. Atkinson v. Wykoff, 58 Mo. App. 86; Glasgow v. St. Louis, 107 Mo. 198, 204, 17 S. W. 743; Knapp v. St. Louis, 156 Mo. 343, 56 S. W. 1102; Elliott, Roads and Streets, 664. Under the charter here under consideration, the city council had the exclusive power to vacate streets, by a two-thirds vote. Section 3, subc. 8, c. 1, Sp. Laws 1885. Its unanimous action was not requisite.

That the city adopted a resolution, instead of enacting an ordinance, in no wise impairs the legal effect of its action. Where, as here, the resolution is passed with all the formality of an ordinance, it thereby becomes a legislative act, and it is immaterial whether it be called an ordinance or a resolution. McQuillin, Mun. Ord. p. 6, § 2. "Where

a charter commits the decision of the matter to the council" "and is silent as to the mode * * * the decision may be evidenced by resolution," and need not necessarily be an ordinance. Id. p. 11, § 5. Butler v. City, 44 N. J. L. 171; Van Vorst v. Mayor, 27 N. J. L. 493; Merchants v. Chicago, 70 Iowa, 105, 28 N. W. 494. A resolution has ordinarily the same effect as an ordinance, as both are legislative acts. Sower v. City, 35 Pa. St. 231; San Francisco v. City, 6 Cal. 190, 191; 1 Dillon, Mun. Corp. (4th Ed.) § 307, and note.

2. Upon the vacation, discontinuance, or abandonment of a highway the absolute title to the land covered by the highway reverts to the owner of the fee. When an abutting owner is the owner of the fee, the reversion is to him. City v. Hallowell, 41 Kan. 192, 195, 21 Pac. 105; 15 Am. & Eng. Enc. (2d Ed.) 420. When the resolution or ordinance became a law, the title to the forty feet reverted to the original proprietor. Plaintiff was not concerned. Notice to him was not necessary. His position would have been radically different if he had owned the whole lot, or if the street had been given to the city before, and not after, the purchase by him or by his grantors. Whether he was an abutting landowner, who owns the fee to the center of the street, subject to the easement of use of a portion as a highway, it is not necessary here to decide. This was not a proceeding to determine title, but to secure an injunction.

The resolution was not void because it took or destroyed private property without just compensation therefor first paid or secured. City v. Hallowell, 41 Kan. 192, 193, 21 Pac. 105. The damage to plaintiff, if any, was consequential, and, if at all, recoverable in a direct action. In construing Vanderburgh v. City of Minneapolis, 98 Minn. 329, 108 N. W. 480, 6 L. R. A. (N. S.) 741, the court pointed out, in State v. Board, 100 Minn. 150, 157, 110 N. W. 1121, 9 L. R. A. (N. S.) 1045: "The authority to vacate public parks, streets, and parkways being legislative, it is beyond the power of the court to set aside the action of the board in vacating the parkway in question, and if, by reason of contractual rights or otherwise, relator has been damaged or injured by the vacation, an action for damages will afford him adequate relief, and that is his exclusive remedy." And see 15 Am. & Eng. Enc. (2d Ed.) 402, subd. 11.

3. It remains to determine the legal effect of the action of the board

in reconsidering the resolution, so far as the vacation of the land here in dispute was involved. We think that action did not serve to change the legal situation of the parties. It failed to comply with the statutory requirements. Inter alia, it was not approved by the mayor. Our attention has been directed to no peculiarity in the local charter or in the immediate situation rendering that approval unnecessary, or justifying such a nullification of the power of the mayor. See Kepner v. Commonwealth, 40 Pa. St. 124. Moreover, its informality differentiated it from the regularly adopted, approved, recorded, and published resolution or ordinance which preceded it. And it is established that an ordinance cannot be amended, repealed, or suspended by an order or resolution, or other act by a council of less dignity than the ordinance itself. Chicago v. City, 174 Ill. 439, 51 N. E. 596; Galt v. City, 174 Ill. 605, 51 N. E. 653; People v. Mount, 186 Ill. 560, 578, 579, 58 N. E. 360; City v. Lake, 43 Ind. 480, 481. The informal resolution was not an act of equal solemnity with the original resolution of vacation, attended as it was with all the formalities of an ordinance. 21 Am. & Eng. Enc. (2d Ed.) 1003; 20 Am. & Eng. Enc. (2d Ed.) 1216; McQuillin, Mun. Ord. §§ 195, 210; 1 Dillon, Mun. Corp. (4th Ed.) 389; Horr & Bemis, Mun. Pol. Ord. § 61; 2 Abb. Mun. Corp. 1362, 1364. Moreover, in the interim valuable rights had intervened. "The repeal of an ordinance will not operate to disturb private rights vested under it." 1 Dillon, Mun. Corp. (3d Ed.) § 314, approved Cape May v. City, 35 N. J. Eq. 419, 421. And see Swindell v. State, 143 Ind. 153–162, 42 N. E. 528, 35 L. R. A. 50. To have restored the right to use the street, proceedings to condemn would have been necessary. See Reiff v. Conner, 10 Ark. 241; Bigelow v. Hillman, 37 Me. 52; City v. Hallowell, 41 Kan. 192, 21 Pac. 105.

Affirmed.