### THE ATCHISON, TOPEKA & SANTA FÉ RAILROAD COMPANY v. ALICE J. PATCH.

1. CONDEMNATION PROCEEDINGS; *Appeal, Effect of.* Where proceedings are taken by a railroad company for the condemnation of land, and after the award of the commissioners has been filed the land-owner takes an appeal from the award of such commissioners, such appeal is an entry of appearance by the land-owner, and waives all questions as to the sufficiency of notice or jurisdiction of the person. (*Haas v. Lees*, 18 Kas. 449.)

2. ———— Such appeal is, by § 86, ch. 23, Comp. Laws 1879, limited to the mere matter of damages, and a party taking such appeal thereby waives all other inquiry into such proceedings.

3. STREET, *When Vacated, Shall Revert to Whom.* P. was the owner of certain lots in an addition to the city of Topeka, a city of the first class; an ordinance was duly passed by the city council, vacating the street in front of her lots; thereafter, condemnation proceedings were had in be-

half of a railroad company for the condemnation of those lots; in such proceedings the lots were described simply by number, etc., and without any addition of boundaries or other description. *Held*, That under § 34, ch. 37, Laws of 1881, if the title to such portion of the vacated street as was situated in front of the lots of P. passed to her, such portion became as it were an accretion to the lots, a part and parcel of them, and passed under any conveyance or transfer of the lots, *eo nomine.*

### *Error from Shawnee District Court.*

INJUNCTION, granted at the January Term, 1882, of the district court, for plaintiff *Patch* and against the *Railroad Company*, which brings this order here for review. The facts appear in the opinion.

*Geo. R. Peck, A. A. Hurd*, and *W. C. Campbell*, for plaintiff in error.

*R. E. Heller*, for defendant in error.

The opinion of the court was delivered by

BREWER, J.: This case comes to us on error from the district court of Shawnee county. The principal question in it is the one involved in the case of the *Central Branch U. P. Rld. Co. v. A. T. & S. F. Rld. Co.*, just decided; and to the opinion in that case we refer for our views thereon.

A second question presented is practically decided, though perhaps not in terms named in the opinion in that case. That question is this: The defendant in error appealed from the award of damages made by the commissioners. Now she claims the right, notwithstanding her appeal from the assessment of the commissioners, to question collaterally the regularity of the proceedings of the commissioners, the sufficiency of notice, etc., etc. We think this cannot be done. By filing an appeal from the award of the commissioners, she enters her appearance to that proceeding, and cannot thereafter question their jurisdiction, (*Haas v. Lees*, 18 Kas. 449;) and the statute which regulates appeal from the award of the commissioners, in terms provides "that said appeal and all subsequent proceedings shall only affect the amount of compensation to

be allowed." Hence, as she seeks to avail herself of the privilege of an appeal, she must take it as we held in the case first cited, burdened with all the conditions which the legislature imposed upon it.

The only other question in this case arises upon these facts: The defendant in error was the owner in fee of certain lots in Crane's addition to the city of Topeka. On the second day of September, 1881, the city council passed an ordinance vacating the street in front of her lots; this ordinance, by its terms, took effect upon its publication, which occurred on the succeeding day. Afterward the railroad company instituted proceedings for the condemnation of defendant in error's lots. The report of the commissioners shows that they appraised the lots, naming them, without any survey or any special indication of what was embraced by the terms lots so-and-so; now the defendant in error contends that the portions of the street in front of her lots became her property upon the passage of the ordinance vacating the street, precisely as though the previous owner had conveyed to her by deed; that as the commissioners did not appear to have appraised that property, as it was not named in nor covered by their report, she is entitled to an injunction restraining the company from occupying such part of her property. On the other hand, the railroad company contends that upon the passage of the ordinance vacating the street, the same reverted to the original proprietor, the party who laid out the addition, and not to the adjacent lot-owners; and secondly, that if this did pass to the adjacent lot-owners, it became in fact a part and parcel of those lots, and was therefore covered by and embraced within the condemnation of those lots. We think it unnecessary to decide whether, upon the passage of the ordinance, the title passed to the original proprietor who laid out the addition, or to the adjacent lot-owner. If it passed to the former, of course the present defendant in error has no interest in the question; while on the other hand, if it passed to the lot-owner, then it became something in the nature of an accretion to, and would pass in

any conveyance of, the lot. The statutes bearing upon this question are the following: Sec. 6, ch. 78, Comp. Laws 1879, which has been in force ever since 1859, being § 6, of ch. 24, of the Laws of 1859, and which provides that the acknowledgment, filing or record of any map or plat of a city, town or addition, vests absolutely the fee of streets and other ground intended for public uses in the county in which such city, town or addition is situated, in trust, however, for the uses intended. (*Rld. Co. v. Garside*, 10 Kas. 564.) Ch. 37 of the Laws of 1881, the act providing for the organization of cities of the first class, contains in § 34 this provision: "Whenever any street, avenue, alley or lane is vacated, the same shall revert to the owners of real estate thereto adjacent on each side, in proportion to the frontage of such real estate: . . . . *Provided*, That when in the opinion of the council of such city it is necesary to reopen such street, avenue, alley or lane, they may order the same opened, without expense to the city." Now, the supreme court of Illinois (and its statute is very like ours) have held that the title passes back to the original proprietor and not to the adjacent lot-owner. (*Geerhardt v. Reeves*, 75 Ill. 301, and cases cited.) The supreme court of Iowa appear to hold that it passes to the adjacent lot-owner. (*Day v. Schroeder*, 46 Iowa, 546.) Now if the latter rule be correct, it would seem from the proviso to the section we have quoted that there was no absolute cession of the property to such adjacent lot-owner, but only a provisional and temporary giving-up of the public use; for the lot-owner takes it subject to the right of the city to reopen it without expense. In other words, the city permits the lot-owner provisionally and temporarily to hold and occupy the portion of the vacated street in front of his lot. Under those circumstances we think it fair to consider that it becomes, as it were, a part of the lot—something in the nature of an accretion to it; and if so, then any conveyance of the lot takes with it this attached portion of the vacated street.

This covers all the points presented, and the judgment of

the district court will therefore be reversed; and the case remanded with instructions to vacate the injunction.

All the Justices concurring.