THE CITY OF BELLEVILLE v. E. A. HALLOWELL *et al.*

CITY—*Vacating Alley—Valid Ordinance.* All the lot-owners in a block petitioned the city council of a city of the third class to vacate a part of an alley running centrally through said block; no claims for damages resulting from the vacation were made by the petitioners whose lots abutted on the alley; the city council granted the petition, and passed and published an ordinance making the vacation in accordance with the prayer of the petition; the vacating ordinance did not provide for the ascertainment and payment of any damages resulting from the vacation; about a month after the vacating ordinance was passed, the city council attempted by ordinance to repeal the same, and threatened the owners of the lots to which the vacated alley reverted with a disturbance of their enjoyment and possession thereof; the owners of these lots commenced an action to restrain the city officers from such disturbance. *Held,* That the vacating ordinance was not void because it did not provide for the ascertainment and payment of damages; that under the circumstances the city was estopped from asserting the invalidity of the ordinance, and that the subsequent ordinance did not have the effect to repeal the vacating one.

*Error from Republic District Court.*

INJUNCTION. Judgment for the plaintiffs *Hallowell* and *Phillips*, on January 28, 1887. The defendant *City* brings the case to this court. The opinion states the material facts.

T. M. *Noble*, for plaintiff in error.

W. T. *Dillon*, *Van Natta & Close*, and *Lowe & Smith*, for defendants in error.

Opinion by SIMPSON, C.: The defendants in error commenced their action against the city of Belleville, a city of the third class, to perpetually enjoin said city from an interference with their possession of a lot of ground owned by them, which originally was a part of an alley running east and west through block seventeen, according to the original survey and recorded plat of said city. It is alleged, among other things, that all of that part of the alley that was located between lots four and five of said block had been duly vacated by ordinance, on the petition of the owners of all the lots in the block. There is an alley running the entire length of the block centrally through it north and south, upon which all the lots but one abut. There is also a part of an alley running through to the other alley from the west side of the block, upon which the remaining lots abut. When the east part of the alley running east and west was vacated, the owners of the lots adjacent to the vacated alley took possession of the same, and removed thereto a frame building. The vacating ordinance was passed on the 2d day of March, 1886. On the 6th day of April following, the city council undertook to repeal the vacating one, and passed an ordinance to that effect. The city authorities then notified and threatened the defendants in error with an interference with their possession of the ground covered by the vacated alley. A temporary injunction was allowed, and on the trial made perpetual against the city. The case is here to review the order of perpetual injunction, and is properly brought here. The material facts are embodied in special findings of fact made by the trial court, as follows:

"1. Block seventeen, in the city of Belleville, in Republic county, Kansas, is a part of the original town-site of Belleville. It is composed of eight lots, and has streets on each of its

four sides, two of which are eighty feet in width, and the other two are each ninety feet in width; and prior to March 2, 1886, it was divided by two alleys, one running east and west and the other north and south, through the center of the block. Lots four and five, on the 2d of March, 1886, as well as a long time before that date, and ever since, were the property of the plaintiffs, lot four belonging to the plaintiff Phillips, and lot five belonging to the plaintiff Hallowell. Said lots front east on Commercial street, and until said date were separated by the alley running east and west through said block.

"2. On March 2, 1886, a petition signed by all the persons owning real estate in said block was presented to the mayor and city council of the city of Belleville, asking that that part of the alley separating lots four and five be vacated, and on the same date an ordinance was passed by the mayor and councilmen vacating the said alley the length of said lots of the plaintiffs. Said ordinance was approved by the mayor, and was published and took effect on the 4th day of March, 1886, said ordinance being designated as ordinance No. 60.

"3. Said ordinance No. 60 did not provide any manner for ascertaining what damages, if any, were sustained by any persons. No measures of any kind were taken at the time for ascertaining such damages, and there was not at the time in existence any ordinance of the city providing a manner for ascertaining such damages, and no ordinance for that purpose was passed till since the commencement of this action.

"4. On the 6th of April, 1886, the mayor and councilmen passed ordinance No. 62, repealing said ordinance No. 60; which ordinance was regularly approved and published.

"5. The plaintiffs did not take possession of said alley until after the passage of said ordinance No. 62; but immediately thereafter they closed said alley by building a fence of posts and boards across the same, and between the 14th and 20th of May, 1886, they moved and placed in said alley a one-story frame building, 16x18 feet in size, which building has ever since remained in said alley.

"6. Immediately before the commencement of this action the defendant, by its officers, threatened and was about to tear down or otherwise remove said building and open said alley to travel, and would have done so had it not been restrained by the temporary injunction allowed in this case."

I. The first claim of counsel for plaintiff in error is, that ordinance No. 60, vacating the alley, is void, for the reason

that it made no provision for a mode by which owners of lots affected by the vacation might obtain damages done their property — the exact contention being that under § 57, chapter 19a, Compiled Laws of 1885, an act concerning cities of the third class, the city council has no power to vacate an alley without first prescribing the manner, by ordinance, by which the damages to the property of citizens by the vacation shall be ascertained and paid. This construction of the section of the statute under consideration is based upon the assumption that the power exercised by the city council in the vacation of an alley is in fact the exercise of the right of eminent domain. This is not true; the creation of the alley originally was a dedication by the land-owner of that strip of land for public use. The dedication was complete when the plat was acknowledged and filed for record. While it is true that the general public had a right to use the alley, the controlling factor in its creation was the enhanced value of the lots abutting, by convenience of access thereto. When the plat was filed for record, the fee in the alley vested in the county for public use, but the legislature vested in the city council the power to vacate. The exercise of the power to vacate is burdened by a liability to pay damages to those injured by the act of vacation. The power of eminent domain is the right to take private property for public use, compensation therefor first having been made. The power exercised by the city in the passage of ordinance No. 60, vacating the alley, is in no respects similar to that of eminent domain. The council determines that the alley is no longer necessary, or is not a public convenience, and vacates it. By operation of law, the land constituting the alley reverts to the owners of lots on either side, proportioned to the frontage of such lots on the vacated alley. Only the owners of lots abutting on the alley could claim damages for closing it. (*Heller v. A. T. & S. F. Rld. Co.*, 28 Kas. 625.)

The claim that the vacating ordinance is void because no mode for the ascertainment and payment of damages to those injured by the vacation is prescribed, is not made by property-

owners whose lots are adjacent to the alley, but by the city. There is a special finding that a petition was presented to the city council, asking that the part of the alley separating lots 4 and 5 be vacated, signed by all the persons owning real estate in the block. On this state of facts can the city be heard to say that its ordinance vacating the alley is void? Every property-owner who by any possibility could be injured by the operation of the ordinance had petitioned for the exercise of the power by the city council. No demand for damages was made. The city council did just exactly what it was requested to do by all the property-owners in the block. No conditions are asked for in the petition, and it is safe to say that under such circumstances none of the petitioners could maintain an action for damages. There being no necessity for the city council to provide a mode for the ascertainment and payment of damages, this having been waived by all those who could make such a claim, can the city council be now heard to say that their action is not valid because they did not provide for the assessment of damages, when damages were not asked, but were expressly waived? We think not. Counsel for plaintiff in error cites the cases of *City of Atchison v. Butcher*, 3 Kas. 115, and *City of Leavenworth v. Rankin*, 2 id. 371, and claims that these cases so decide. Neither of these cases justifies the assertion; in the first cited the court holds that as the city charter did not authorize the negotiation of bonds in the manner in which they were negotiated, the collection of taxes and the payment of interest on the bonds did not ratify the unlawful negotiation, but that a subsequent amendment of the charter did authorize a ratification. The other case is a nearer approach to the proposition contended for; it holds that the seal of a municipal corporation attached to a contract does not estop the corporation from inquiring into the power of its officers to make it. The question as to whether or not an officer of a corporation has let a contract authorized by law, is very different from an inquiry as to whether or not the city council has the right to pass a certain ordinance without attaching conditions thereto that are not demanded by the circum-

stances attending the exercise of an admitted power. Persons contracting with the officers of a corporation must inquire into their power at their peril. All persons interested having petitioned for the vacation of an alley, and it having been vacated in accordance with their prayer, all presumptions are in favor of the legality of the vacation, the power to do so being admitted to be expressly granted. If the property-owners are estopped, the mutuality of the principle ought to estop the city.

The case of *City of Leavenworth v. Laing*, 6 Kas. 274, is nearer in point than any of those cited by counsel for plaintiff in error. This case furnishes an example of an estoppel operating against the city by taking possession of a piece of ground, and claiming and using it as a street, and letting a contract to have it graded, and then, after the grading had been done, and accepted by the city, denying that the street had ever been legally established or dedicated. (See also the case of *Sleeper v. Bullen*, 6 Kas. 300.) But these cases do not reach the exact question presented here, and that is: Has the city council power, under § 57 of the act regulating cities of the third class, to vacate an alley under any circumstances without first having prescribed by ordinance a mode for the ascertainment and payment of all damages to property-owners occasioned thereby? We are of the opinion that when the owners of all lots in a block petition the city council to vacate part of an alley in said block, and attach no conditions thereto, and make no demand for damages, they have the power to vacate without making any such provision; and that subsequently, when a question arises between the city and the owners of the adjacent lots to which the alley reverted as to the legality of the vacating ordinance, the city is estopped from
City estopped    claiming that the ordinance is void because it con-
from asserting   tains no provision respecting damages. The case
invalidity of
ordinance.       of *C. B. Rld. Co. v. Smith*, 23 Kas. 745, has no
application here, because it is held in that case that the act of the legislature authorizing the issue of bonds for a purely private purpose was unconstitutional and void; and it said

that while a municipality may be estopped from showing wrongful acts done under a valid law, there is no such thing as a void enactment being made valid by estoppel. There is probably no view that can be taken in this case that would render the ordinance vacating the alley void. Even if some of the persons injured by the vacation had not signed the petition therefor, and had insisted on their rights for damages done to their property, still the ordinance would not be void, nor possibly the injured party be without remedy. If the city authorities refused to prescribe by ordinance the manner of the ascertainment of the amount of damage, this would not preclude proof of proper damage, nor relieve the municipal corporation from liability.

The contention of counsel for plaintiff in error, that before the city council can pass a valid vacating ordinance it must first prescribe the manner of the assessment of damages, is not tenable. He seems to think that what he calls an enabling act is a condition precedent to the exercise of the power of vacation. The statute itself does not require this, and in the nature of things there does not seem to be any necessity for it in cases of this character. It may be that when the city wants to widen a street, or open one where none existed, or extend a street through land to which there has been no dedication, or where it attempts to exercise any other power granted by the section that involves the taking of private property for the public use, it must, at least contemporaneously with the ordinance declaring the purpose, provide a method for the ascertaining and payment of compensation to the landowner. But putting this in the strongest light for the plaintiff in error, and conceding that such an ordinance respecting damages is required, still we have only the instance of a defective exercise of an undoubted granted power, and the principle of estoppel applies.

II. The next proposition is, that ordinance No. 62 repealed the vacating one, and by the repeal the city became again invested with all its former rights in the alley. This is easily disposed of by the application of not only familiar but fun-

damental principles. When the alley was vacated by the ordinance, it was the same in legal contemplation as if it never had existed; as if it was a town lot, and not an alley. The land reverted to the owners of lots four and five that lay the whole length of the vacated part of the alley, and on each side of it. Ten feet in width of its entire length became the absolute property of the owner of lot four on the north, and the remaining ten feet in width of its entire length became the property of the owner of lot five on the south. Their ownership of and interest in this real property could not be affected in any manner by the repealing ordinance. The alley was not restored to the city by the operation of the repeal. If it was found that a mistake was made, and that the public convenience required the alley, the only remedy was to open it in accordance with all the requirements of law, and this would be one of the modes of the exercise of the right of eminent domain. The land-owner must be notified of the intended appropriation of his property for public use. In all matters of this kind, notice is the very essence of things to be done. We do not intend to intimate that if notice was duly served on all the property-owners in the block that the vacating ordinance would at a certain time be repealed, that this would be sufficient. Provision must be made for compensation for the value of the land, as well as for damages. The fact that the defendants in error made no effort to improve the ground that had been occupied by the alley, has no bearing. It was their land from the moment the vacating ordinance took effect, without reference to the questions of possession or improvement.

III. It is said finally, that as the lot-owners in block seventeen all petitioned the city council to vacate the alley, and by their signatures became parties to the whole proceedings, they are as much bound by the repealing as by the vacating ordinance. This is queer reasoning to reach such a conclusion. When the city council passed the ordinance vacating the alley, the purpose for which the petition was presented was accomplished, and that was the end of it both for the council and

the petitioners.   No mental process can torture the petition for the vacation of the alley into an assent to the repealing ordinance.

We find no error in the record, and hence recommend an affirmance of the judgment.

By the Court: It is so ordered.

All the Justices concurring.