L. C. CHALLISS v. THE ATCHISON UNION DEPOT AND RAILROAD COMPANY.

CONDEMNATION PROCEEDING—*Vacated Street Becomes an Accretion to Lot.* Where a portion of a street in a city of the first class is vacated pursuant to the provisions of ¶ 582 of General Statutes of 1889, and a lot abutting thereon condemned, and the perpetual use thereof acquired by a union depot and railroad company, for the maintenance of a union depot, the portion of the vacated street situated in front of the lot so condemned becomes, as it were, an accretion or appurtenant of the lot, and passes with the same to the company. (*A. T. & S. F. Rld. Co. v. Patch,* 28 Kas. 470.)

*Error from Atchison District Court.*

ACTION of injunction brought by *The Atchison Union Depot and Railroad Company* against *Luther C. Challiss* in the district court of Atchison county. After hearing the testimony, the court made the following findings of fact and conclusions of law:

"FINDINGS OF FACT.

"1. The said plaintiff, the Atchison Union Depot and Railroad Company, on the 1st day of December, 1889, was, and for more than ten years prior thereto has been, a depot and railroad company, duly chartered, organized and existing under and by virtue of the laws of the state of Kansas.

"2. At the institution of this suit it was, and for more than ten years prior thereto had been, the owner in fee simple of the north half of block 22, in the city of Atchison, state of Kansas, and the fee-simple owner of the south thirty feet of lots 1, 2, 3, 4, and 5, block 23, in the city of Atchison, and during all said time used and occupied the same for railroad and depot purposes.

"3. On the 1st day of October, 1888, it became necessary that said plaintiff should acquire the north one hundred feet of lots 1, 2, 3, 4, and 5, in block 23, city of Atchison, for its uses and purposes as such union depot and railroad corporation, and being unable to agree with the owners thereof as to the price it should pay therefor, it duly applied to the board of county commissioners of Atchison county, Kansas, to lay off and condemn so much of said lots as was deemed necessary by the said plaintiff for its uses and purposes aforesaid.

"4. Said board of county commissioners upon said application did, after having given due notice as provided by law, on the 7th day of November, 1888, proceed to lay off and condemn the north one hundred feet of lots 1, 2, 3, 4, and 5, in block 23, in the city of Atchison, as aforesaid, and did ascertain and determine the value of said one hundred feet of lot 1, in block 23 aforesaid, to be the sum of $19,330, and did award L. C. Challiss, as the supposed owner of said north one hundred feet of lot 1, block 23, the said sum of $19,330, the appraised value of said lot, and all interest, right, title and claim of the said L. C. Challiss therein or thereto.

"5. The said board of county commissioners did thereafter duly embody in a written report, and duly filed the same in the office of the county clerk of Atchison county, state of Kansas, their said appraisement and assessment of damages, which said report was duly filed and all proceedings thereunder were duly had in accordance with the provisions of law in such cases made and provided; and within due and proper time the said plaintiff did deposit with the treasurer of Atchison county, Kansas, for the use and benefit of the north one hundred feet of said lot 1, in block 23, the said sum of $19,-330, the amount awarded by said commissioners, and caused a copy of said report to be filed with the said treasurer in due time, and with the register of deeds, as by law made and provided.

"6. Within ten days of the time of the filing of such report with the county clerk of said county, the defendant, L. C. Challiss, claiming to be the owner of said north one hundred feet of lot 1, block 23, as aforesaid, took an appeal from the award of said county commissioners to the district court of Atchison county, state of Kansas, by filing the necessary bond and undertaking for such appeal, and caused said appeal to be duly filed in said district court.

"7. Third street in the city of Atchison, between blocks 22 and 23, as originally laid out and dedicated by the Atchison Town Company, a corporation, was eighty feet wide, and the same had been opened for public travel; and on the 15th day of January, 1889, the city council of the city of Atchison, in the state of Kansas, being satisfied that the interests of the public would be subserved thereby, and to enable the plain-tiff to build and erect a union depot in the city of Atchison for the accommodation of the citizens of said city, passed an ordinance entitled 'An ordinance vacating certain portions of

Third street in the city of Atchison,' whereby and by the terms of which said ordinance all that portion of Third street beginning at the south line of Main street and running thence south between said two blocks 22 and 23, in the city of Atchison aforesaid, was vacated and abandoned as a public street and thoroughfare; and such ordinance was duly passed and approved by said city council, and duly published.

"8. The interest of the public and the accommodation of the citizens of the city of Atchison made it necessary that said portions of said Third street referred to in said ordinance should be vacated, and the same should be abandoned as a public street and thoroughfare; and the said plaintiff, at the institution of said suit, had the consent and authority of the city of Atchison to close up said portions of said Third street so vacated as aforesaid.

"9. Immediately upon the passage of said ordinance said defendant, L. C. Challiss, assumed to take possession of said portions of said Third street so vacated as aforesaid by building a fence around the same to the middle of the street, thus enclosing a strip of ground in said city forty feet wide and one hundred feet deep.

"10. After the said L. C. Challiss had appealed from the award of said commissioners and after the institution of this action, and on the 23d day of February, 1889, the said L. C. Challiss demanded of the county treasurer of Atchison county, Kansas, the payment to him, as owner of the said north one hundred feet of lot 1, in block 23 aforesaid, the sum of $19,330, the amount of the award so made by said commissioners as the value of said north one hundred feet of lot 1, in block 23, and the said county treasurer of Atchison county paid to the said L. C. Challiss the amount of such award, and he duly received and receipted therefor.

"11. At the time of the passage of the ordinance hereinbefore referred to, William L. Challiss was the fee-simple owner of record of said north one hundred feet of lot 1, in block 23; and thereafter, and after the institution of this action, L. C. Challiss obtained from said W. L. Challiss a quitclaim deed, whereby the said William L. Challiss conveyed to L. C. Challiss all his right, title and interest in and to said lot 1, in block 23, city of Atchison aforesaid.

"12. At and prior to the commencement of this suit, the said L. C. Challiss threatened to retain forcible possession of said lot 1, in block 23, and said portion of said Third street

so as aforesaid inclosed by him with a fence, and threatened to prevent the plaintiff from entering into the possession thereof for the purpose of occupying the same for railroad and depot purposes.

"13. As soon as the said L. C. Challiss appealed from the award of said commissioners as aforesaid, and after the payment and deposit of said sum of $19,330 with the county treasurer, as aforesaid, the plaintiff company duly executed a bond with sufficient surety, approved by the county clerk, to pay all damages and costs which said company might be adjudged to pay said district court of Atchison county, state of Kansas, which said bond was in due form, and duly and properly executed."

"CONCLUSIONS OF LAW.

"1. At the institution of this suit, said plaintiff was entitled to the possession of the property mentioned and described in plaintiff's petition as against the said defendant, to wit: The north one hundred feet of lot 1, in block 23, in the city of Atchison aforesaid, together with all that portion of Third street which had been vacated by said city of Atchison under the provisions of said ordinance hereinbefore referred to, and the part which the said defendant had inclosed with the said fence.

"2. The plaintiff is entitled to a perpetual injunction enjoining and restraining the defendant from interfering with it in the use, occupation and possession of said north one hundred feet of lot 1, block 23, city of Atchison, together with said portion of Third street so vacated as aforesaid, as prayed for in said petition.

"3. Plaintiff is entitled to judgment against said defendant for costs."

A motion for a new trial was filed and overruled, and judgment given against the defendant in accordance with the conclusions of law. *L. C. Challiss* brings the case to this court for review, and asks a reversal.

*L. F. Bird*, for plaintiff in error.

*W. W & W. F. Guthrie, B. P. Waggener, D. Martin*, and *J. W. Orr*, for defendant in error.

The opinion of the court was delivered by

JOHNSTON, J.: The record sufficiently shows, that at the time of the condemnation proceedings Luther C. Challis was the owner of lot 1, in block 23, in the city of Atchison. The perpetual use of this lot, or the north one hundred feet of the same, has been acquired by the company for the purpose of maintaining a union depot for the use of the railroads entering the city of Atchison, and for the convenience and accommodation of its citizens. Any question of the regularity of the condemnation proceedings has been set at rest by the action of Challiss in first appealing from the award of damages, and, second, by an acceptance of the $19,330 that was awarded and deposited by the company with the county treasurer as compensation for the property appropriated. Prior to the deposit and payment of the award, the city council vacated that portion of Third street on which lot 1 fronted, and Challiss claimed that in consequence of the vacation the title to that portion of the street passed to him, and not to the company which had acquired the abutting lot. The court held that Challiss was not the owner nor entitled to the possession of the vacated portion of the street in front of the lot in question, and granted an injunction restraining him from interfering with the company in the use and occupation of the same. The statute in relation to the vacation of streets in cities of the first class provides that—

"Whenever any street, avenue, alley or lane shall be vacated, the same shall revert to the owners of real estate thereto adjacent on each side, in proportion to the frontage of such real estate, except in cases where such street, avenue, alley or lane shall have been taken and appropriated to public use in a different proportion, in which case it shall revert to adjacent lots or real estate, in proportion as it was taken from them: *Provided*, That when, in the opinion of the council of any such city, it is necessary to re-open such street, avenue, alley or lane, they may order the same opened, without expense to the city." (Gen. Stat. of 1889, ¶ 582.)

We think the court ruled correctly in excluding the plaintiff in error from the use and occupation of the disputed premises. The fee of the street was never in him, and hence, in a strict sense of the term, there was no reversion. The fee of the streets is in the county for the use of the public, and the control of the same has been placed by the legislature in the city. Aside from the accommodation of the general public, the streets afford access and frontage to the property which abuts thereon; and these rights are incidental and appurtenant to such property, and pass by any conveyance or by condemnation of the same. By the condemnation proceedings, the company acquired the perpetual use of the lot —a use which in its nature practically excludes any other use or occupancy. Through the appropriation of the lot, the company acquired the incidental and appurtenant rights in the street, and upon the legal vacation of the street, that portion situated in front of lot 1 temporarily became, as it were, a part of the lot, and passed to the company. The status of the vacated portion of the street cannot now be regarded as an open question in this court, and we need only follow a former decision, wherein substantially the same question was considered and determined. (*A. T. & S. F. Rld. Co. v. Patch*, 28 Kas. 470.) In that case, Patch was the owner in fee of certain lots in the city of Topeka, and the city council passed an ordinance vacating the street in front of her lots. Afterward the railroad company appropriated the lots through condemnation proceedings, and the report of the commissioners showed that they appraised the lots by name, without any survey or indication of what was embraced within the designation. The owner of the fee contended that as the street vacated was not named in or covered by the commissioners' report, it became her property upon the passage of the ordinance vacating the street, and she asked for an injunction restraining the company from occupying such part of her property; while one contention of the company was that it passed to the adjacent lot-owners, and became in fact a part and parcel of the lots, and was therefore covered by and em-

braced within the condemnation of the lots. The court did not at that time determine whether upon the vacation of the street it reverted to the original proprietor or passed to the adjacent lot-owners. The latter view has since been adopted by this court. (*City of Belleville v. Hallowell*, 41 Kas. 192.) In the Patch case, it was held that if it passed to the adjacent lot-owner, then it became something in the nature of an accretion to and would pass in any conveyance of the lot, and that the statute providing for the vacation of the street was only a temporary cession of the street for public use, which might be resumed at any time whenever in the opinion of the council it was necessary to re-open the same. Mr. Justice BREWER, who delivered the opinion of the court, stated that if the theory that the vacated street passed to the adjacent lot-owner was adopted—

"It would seem from the proviso to the section we have quoted that there was no absolute cession of the property to such adjacent lot-owner, but only a provisional and temporary giving up of the public use; for the lot-owner takes it subject to the right of the city to re open it without expense. In other words, the city permits the lot-owner provisionally and temporarily to hold and occupy the portion of the vacated street in front of his lot. Under these circumstances, we think it fair to consider that it becomes, as it were, a part of the lot — something in the nature of an accretion to it; and if so, then any conveyance of the lot takes with it this attached portion of the vacated street."

Following the rule of that case, which is decisive of this, we must hold against the contention of the plaintiff in error. The fee of the street not being in the owners of the adjacent lots, as in Massachusetts, the case of *Harris v. Elliott*, 10 Pet. 25, and some other cases cited, do not apply here.

Something is said against the validity of the vacation of the street, but it follows from the decision made that the private rights of plaintiff in error are not so infringed as to warrant him in raising that question. Neither is he authorized to appear in behalf of the public; and hence, we will not enter upon a consideration of the validity of the vacation ordinance,

nor the right to use the vacated portion of the street for the contemplated purposes.

The judgment of the district court will be affirmed.

All the Justices concurring.