No. 19,889.

GEORGE HASELTINE, revived in the name of PAUL N. GLEISS-
NER, *Appellant,* v. FRED NUSS et al., *Appellees.*

SYLLABUS BY THE COURT.

1. VACATION OF STREET—*Land Reverts to Abutting Lot Owners.* The
statutory rule followed, that on the vacation of a street the land so
vacated reverts to the "owners of lots adjacent or abutting thereto,
according to the frontage of said lots or land."

2. EJECTMENT—*Basis of Recovery—Plaintiff's Own Title.* The rule fol-
lowed that a plaintiff in an action in ejectment must rely on the
strength of his own title, and not on the weakness of his adversary's
title.

Appeal from Dickinson district court; ROSWELL L. KING,
judge. Opinion filed February 12, 1916. Affirmed.

*H. L. Humphrey,* of Abilene, for the appellant.

*Frank A. Green,* of Herington, for the appellees.

The opinion of the court was delivered by

DAWSON, J.: This was an action in ejectment brought by
the appellant to recover possession of a tract of land thirty
feet wide and one hundred and eighteen feet long, being the
half of a platted but vacated street adjacent to a town lot in
the city of Herington, Dickinson county, Kansas. The plain-
tiff claims this tract under a sheriff's deed issued in 1913. The
defendants are in possession and claim under a tax deed to the
adjacent and abutting lot issued in 1901.

The original town of Herington was platted some time prior
to October 8, 1884, but was not then an incorporated city. One
M. D. Herington then owned the lot adjacent to the tract of
land in controversy. The board of county commissioners va-
cated the street on October 8, 1884. Half of the vacated street
adjacent to defendants' lot and abutting thereto is the tract of
land involved in this lawsuit. In 1885 Herington conveyed the
entire block (except two lots not here pertinent) in which de-
fendants' lot is located to the Topeka, Salina & Western Rail-
road. The defendants and their grantors have been in posses-
sion of the adjacent and abutting lot and of the tract in

controversy for several years, and a hotel was erected by the defendants' grantors on the disputed tract about eight years before this action was begun. The fifteen years' prescriptive title has not yet matured. Defendants' title, aside from their rights by possession and improvements, and possibly by estoppel, is founded on a tax deed issued in July, 1901. This tax deed shows some possible infirmities, and the chain of title thereunder culminating in defendants is not very clearly deraigned.

In 1891, George Haseltine, the appellant, recovered a judgment against M. D. Herington, and by successive executions and by a proceeding of controverted regularity, in 1906, to revive the judgment, Haseltine kept his judgment alive until August, 1912, when the tract of land in dispute, the half of the street vacated in 1884, adjacent to and abutting the lot claimed by defendants and upon which their hotel was situated, was levied upon and sold as the property of M. D. Herington to satisfy Haseltine's judgment. Haseltine bid in the property. The sale was confirmed and a sheriff's deed issued to Haseltine in March, 1913.

A jury was waived, the cause was tried, the evidence introduced, and the plaintiff's petition praying for possession of the property denied. Plaintiff appeals.

The principal question concerns the effect to be given to section 5 of chapter 190 of the Laws of 1877 (Comp. Laws, 1885, § 6545), which provides:

"The alleys, streets or other public reservations so vacated shall revert to the owner or owners of lots adjacent or abutting thereto, according to the frontage of said lots or land."

Does not the plain and unequivocal language if this statute settle this controversy? The half of the street adjacent to and abutting the defendants' lot became by virtue of the vacation of the street and by operation of the statute a part of defendants' lot. Mr. Justice Brewer, in *A. T. & S. F. Rld. Co. v. Patch,* 28 Kan. 470, said that in such a situation the vacated street, or the proper part of it, became, "as it were, a part of the lot,—something in the nature of an accretion to it." (p. 473.) Of course that distinguished jurist did not mean that it was exactly like land made imperceptibly by slow deposit and receding waters, but that the legal effect was the same, and that the vacated property inured, at least as against all claim-

ants except the public, to the benefit of the abutting landowner. The same question was considered in *City of Belleville v. Hallowell*, 41 Kan. 192, 21 Pac. 105, and in *Challiss v. Depot and Rld. Co.*, 45 Kan. 398, 25 Pac. 228. In the latter case the Patch case was discussed, the court saying:

"The court did not at that time determine whether upon the vacation of the street it reverted to the original proprietor or passed to the adjacent lot-owners. The latter view has since been adopted by this court. (*City of Belleville v. Hallowell*, 41 Kan. 192, 21 Pac. 105.)" (p. 404.)

These decisions seem to have settled the law in this state. In a note in 26 L. R. A. 661, it is said:

"The status of the vacated portion of a street can not be regarded as an open question in Kansas, it being held in *Challis v. Atchison Union Depot & R. Co.*, 45 Kan. 398, 25 Pac. 228, under the provision of the General Statutes of 1889, that the portion of the street in front of the condemned lot passed as an accretion or as appurtenant thereto, to the owner of the property."

From the foregoing it appears that the tract of land in dispute is to be considered part and parcel of the lot claimed, occupied and improved by defendants. No shadow of title to this lot remained in M. D. Herington at the time of the sheriff's deed to Haseltine in 1913. The sheriff did not sell any land belonging to Herington, and Haseltine acquired no claim to defendants' lot and its statutory accretion thereunder. This being true, it is of no consequence that there may be infirmities in defendants' title. It will answer their purposes (*Mooney v. Olsen*, 21 Kan. 691) until it is attacked by some one holding a better title, for it is elementary law that a plaintiff must depend upon the strength of his own title, not on the weakness of his adversary's (*The State of Kansas v. Stringfellow*, 2 Kan. 263; *Mitchell v. Lines*, 36 Kan. 378, 13 Pac. 593).

This renders unnecessary a consideration of other questions presented. It was not error to admit evidence to show that Herington had conveyed away his title to the lot and consequently to the abutting vacated street in 1885. Such evidence possibly might not avail the defendants if they were the moving parties; but in scrutinizing the title under which Haseltine claimed, it was competent to show that he as the moving party had no title under which to proceed against the defendants.

Emery v. Bank.

The death of appellant is suggested. The motion to revive and substitute Paul N. Gleissner is allowed. The motion of appellees to introduce evidence not considered below, apparently in reliance on section 580 of the civil code, need not be considered. But see *Hess v. Conway*, 93 Kan. 246, 144 Pac. 205.

The judgment is affirmed.