Rowe v. Bowen.

---

No. 24,512.

Inez Fay Rowe, *Appellant*, v. Emma H. Bowen and Phoebe H. McKeen, *Appellees*.

### SYLLABUS BY THE COURT.

Vacation of Street—*Land Reverts to Adjoining Lot owners.* Upon the vacation of a street, in a city of the second class, the vacated lands reverts to the owners of the adjoining lots in proportion to the frontage of the lots thereon and becomes a part of such lots and passes under a conveyance in which the lots are described as originally platted.

Appeal from Riley District court; Fred R. Smith, judge. Opinion filed June 9, 1923. Affirmed.

*Charles Hughes,* of Manhattan, for the appellant.

*James V. Humphrey,* and *Arthur S. Humphrey,* both of Junction City, for the appellee.

41—113 Kan.

The opinion of the court was delivered by

JOHNSTON, C. J.: The controversy presented on this appeal involves the ownership and right to the possession of a strip of land adjoining lot 128 in ward 7 of the city of Manhattan.

Prior to December 18, 1912, Inez Fay Rowe owned the lot and upon that date she executed a deed purporting to convey it to Emma H. Bowen. About a month before the execution of the deed the city had vacated the street on which the lot adjoined and the strip in controversy is one-half of the vacated street adjacent to the lot conveyed. It was alleged in plaintiff's amended petition that the circumstances under which the conveyance was made were that in April of that year the city opened a new street in another part of the city, and had condemned lots owned by Mrs. Bowen, and she had filed a claim for damages in the sum of $500. To compensate her for the street condemned the city agreed to procure and have conveyed to her lot 128, and this was done by the city. Plaintiff further alleged that the city agreed that the adjacent street should be vacated and that she should have as part consideration for the lot the adjoining strip of the vacated street which was 30 feet wide and 150 feet long. Defendant answered saying that plaintiff had long been the owner and in the possession of the lot, that the street had been duly vacated by ordinance on November 12, 1912, and that on December 19, 1912, plaintiff conveyed the lot to the defendant, and that by the vacation and the provisions of the statute the adjoining strip reverted to her lot and became her property. She then alleged that all averments of the plaintiff not expressly admitted in the answer were denied. The only part of the evidence brought to this court is that Mrs. Rowe made the conveyance supposing she was retaining the strip, while Mrs. Bowen received the deed and upon legal advice assumed that she was getting the strip and that both parties acted in good faith. The court found that there was no mutual mistake of the parties about the deed made, and gave judgment for the defendant ordering that if the plaintiff did not deliver possession of the lot to the defendant within ten days, that the sheriff should place her in possession of it.

The case, as presented falls within the long established rule promulgated in a number of decided cases, that under a statute providing that when a street of a city is vacated it shall revert to the owners

Rowe v. Bowen.

of the lots adjoining on each side in proportion to the frontage, and becomes an appurtenance and a part of such adjoining lot which passes under a conveyance by the mere description of the lot by its name. (*A. T. & S. F. Rld. Co., v. Patch*, 28 Kan. 470; *City of Belleville v. Hallowell*, 41 Kan. 192, 21 Pac. 105; *Challiss v. Depot and Rld. Co.*, 45 Kan. 398, 25 Pac. 894; *Showalter v. Railway Co.*, 49 Kan. 421, 32 Pac. 42; *Haseltine v. Nuss*, 97 Kan. 228, 155 Pac. 55.)

Plaintiff attacks the rule of these decisions and urges that a different view of the statute should be taken, but the rule was promulgated in 1882 and doubtless many transfers have been made and property rights acquired on the faith and credit of the decisions. As they relate to real estate and vested rights the doctrine of *stare decisis* is peculiarly applicable and therefore the rule will not now be reconsidered nor changed. It is said that the case of *Railway Co., v. Sharpless*, 62 Kan. 841, 62 Pac. 662, establishes a different rule, but that case involved a mortgage, and it was held under the circumstances the mortgage was not a lien on the vacated strip. Whether or not that decision was rightly made under the circumstances of the case, it was not the purpose of the court to modify the rule previously announced. On the contrary, it is said that the rule applied to conveyances of title such as was made in this instance. That there was no intended departure from the construction previously placed upon the statute is evidenced by the later decision in *Haseltine v. Nuss*, supra, which was made in 1916.

The contention that there is room for a different construction because of a difference in the language employed in the statute relating to the vacation of streets in cities of the second class, (Gen. Stat. 1915, §1731) from those used as to cities of the first class, (Gen. Stat. 1915, § §1115, 1529) cannot be upheld. The clauses relating to reversion, which have been interpreted in former decisions, are substantially the same and no room is left for a different construction as to the matter of the annexation of the vacated streets to the adjoining lots.

Judgment affirmed.